# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 28, 2010

No. 09-60496
Summary Calendar

Lyle W. Cayce
Clerk

DEYSI DALILA CRUZ-DIAZ,

                                                Petitioner,

versus

ERIC H. HOLDER, JR., U.S. Attorney General,

                                                Respondent.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A075 868 046

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Deysi Cruz-Diaz, a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an order of the immigration judge denying her motion to reopen removal proceedings. A "highly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

deferential abuse of discretion standard" applies in reviewing the BIA's denial of a motion to reopen. *Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000). We will affirm the BIA's decision as long as it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach. *See Singh v. Gonzalez*, 436 F.3d 484, 487 (5th Cir. 2006). Although questions of law are reviewed *de novo*, this court "accord[s] deference to the BIA's interpretation of immigration statutes unless the record reveals compelling evidence that the BIA's interpretation is incorrect." *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). The BIA's factual findings are reviewed under the substantial-evidence test, meaning that this court may not overturn the BIA's factual findings unless the evidence compels a contrary conclusion. *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994).

Cruz-Diaz was ordered removed *in absentia* after she failed to appear for her removal hearing. She maintains that her motion to reopen should have been granted, because the government failed to prove that the consequences of her failure to appear and her obligation to provide immigration officials with a correct address were explained to her in Spanish that she could understand. Those provisions were included in a notice to appear ("NTA") that was personally served on Cruz-Diaz when she was detained and questioned by immigration officials. At that time, she provided them with a knowingly incorrect address to which a superseding NTA containing the date and time of her hearing was mailed and that was later returned undeliverable. Cruz-Diaz also argues that her due process rights were violated because she did not receive notice of the removal hearing and that her motion to reopen should have been granted because she made out a *prima facie* case for adjustment of status based on hardship to her husband.

According to 8 U.S.C. § 1229, an NTA must specify, *inter alia*, the requirement that the alien must immediately provide the Attorney General with a written record of an address and telephone number at which the alien may be con-

tacted; the requirement that the alien must provide the Attorney General immediately with a written record of any change of his address or telephone number; the consequences of failure to provide address and telephone information; and the consequences of the failure, except under exceptional circumstances, to appear at such proceedings. § 1229(a)(1). The statute does not explicitly require that the NTA be in any language other than English. *Id.*

An alien who fails to appear at a removal proceeding, "shall be ordered removed in absentia" if the government "establishes by clear, unequivocal, and convincing evidence" that notice was provided and that the alien is removable. § 1229a(b)(5)(A). Service of notice of the time and place of a removal hearing is sufficient if mailed to the most recent address provided by the alien. *See* § 1229a(b)(5)(A). The alien is not entitled to notice, however, if he fails to provide the required address information. § 1229a(b)(5)(B). An order of removal entered *in absentia* may be rescinded upon a motion to reopen filed at any time if the alien demonstrates that he did not receive notice of the hearing or was in federal or state custody and the failure to appear was not his fault. § 1229a(b)-(5)(C)(ii).

The record reflects that the original NTA comported with the statutory requirements. In addition, the record shows that Cruz-Diaz received oral notice in Spanish, that she could understand, of the time and place of the hearing, in this case a time and place "to be calendared," as well as the consequences of her failure to appear for the hearing and her obligation to provide a proper address. The record further indicates that Cruz-Diaz acknowledged her receipt and understanding of the NTA by signature. Based on these facts, the BIA found that Cruz-Diaz understood the warnings she received.

The BIA's factual finding is supported by substantial evidence in the record. *See Girma v. INS*, 283 F.3d 664, 666 (5th Cir. 2002). Because Cruz-Diaz was informed of her duty to provide the immigration court with her address and failed to do so, she was not entitled to notice of the removal hearing. § 1229a(b)-

3

(5)(B). Accordingly, the BIA did not abuse its discretion in denying the motion to reopen. *See Lara*, 216 F.3d at 496.

Cruz-Diaz's due process argument likewise fails. *See Gomez-Palacios v. Holder*, 560 F.3d 354, 361 n.2 (5th Cir. 2009). Finally, the BIA has the discretion to deny a motion to reopen even if the alien has made out a *prima facie* case for relief, 8 C.F.R. § 1003.2(a), and, as shown above, the BIA did not abuse that discretion.

Accordingly, the petition for review is DENIED.