# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 15, 2022

Lyle W. Cayce
Clerk

No. 20-60737
Summary Calendar

Kenedy Martins-Gadiole,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 030 630

Before Barksdale, Costa, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Kenedy Martins-Gadiole, a native and citizen of Brazil, petitions for review of the Board of Immigration Appeals' (BIA) affirming, without opinion, the denial of his motion to reopen and rescind his *in-absentia* removal order.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

In 2005, Martins was served in person with a notice to appear before the Immigration Judge (IJ). Because he failed to appear, the IJ ordered him removed *in absentia*. In 2019, Martins filed a motion to reopen and rescind his *in-absentia* removal proceedings: on the basis he lacked proper notice of the hearing, under 8 U.S.C. § 1229a(b)(5)(C)(i)–(ii) (rescission of order for failure to appear); and to apply for cancellation of removal, under 8 U.S.C. § 1229a(c)(7) (motions to reopen removal proceedings). The IJ denied Martins' motion and declined to reopen *sua sponte*.

Martins asserts the IJ erred in failing to: evaluate all the evidence on whether he received notice to appear; give an adequate explanation for denying his motion to reopen to apply for cancellation of removal; and give an adequate explanation for declining to reopen *sua sponte*.

Where, as here, the BIA affirms the IJ's decision without opinion, we review the IJ's decision as the final agency decision. *See Hadwani v. Gonzales*, 445 F.3d 798, 800 (5th Cir. 2006) (per curiam). Legal conclusions are reviewed *de novo*; factual findings, for substantial evidence. *E.g.*, *Orellana-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012). Under the substantial-evidence standard, "petitioner has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion". *Id.* at 518 (citation omitted).

Relying on *Hernandez v. Lynch*, 825 F.3d 266, 269–70 (5th Cir. 2016), Martins claims the IJ erred in finding his affidavit not credible because all relevant evidence submitted to overcome the presumption of notice was not considered. *Hernandez*, however, concerned presumption of notice via mail. *Id.* at 267. Martins does not contend, as the petitioner in *Hernandez* did, that he did not receive the notice to appear, but that it was insufficient because it was in English. Furthermore, "sections 1229(a)(1) and (b)(1) do not require notice in the alien's native language". *Cho-Ajanel v. Lynch*, 622 F. App'x

No. 20-60737

434, 434 (5th Cir. 2015) (per curiam) (citation omitted); *see also Cruz-Diaz v. Holder*, 388 F. App'x 429, 430 (5th Cir. 2010) (per curiam) ("The statute does not explicitly require that the [notice to appear] be in any language other than English".).

Martins' other challenges (the IJ's denial of his motion to reopen to apply for cancellation of removal, and not exercising *sua sponte* authority to reopen) were both unexhausted before the BIA. *See Omari v. Holder*, 562 F.3d 314, 318 (5th Cir. 2009) (explaining "[p]etitioners fail to exhaust their administrative remedies as to an issue if they do not first raise the issue before the BIA"). Our court, therefore, lacks jurisdiction to consider them. *E.g.*, *Avelar-Oliva v. Barr*, 954 F.3d 757, 766 (5th Cir. 2020) (explaining petitioner's "failure to exhaust an issue before the BIA is a jurisdictional bar to this court's consideration of the issue").

DISMISSED IN PART; DENIED IN PART.