# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60573
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 9, 2016

Lyle W. Cayce
Clerk

RENATO XAVIER-DE OLIVEIRA,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 113 953

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Renato Xavier-De Oliveira, a native and citizen of Brazil, petitions for review of the order by the Board of Immigration Appeals (BIA) denying his motion to rescind and reopen an *in absentia* order of removal. He challenges the BIA's conclusion that (1) he failed to overcome the applicable presumption of proper notice of his removal proceedings and (2) he did not warrant a *sua sponte* reopening for exceptional circumstances.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60573

Motions to reopen removal proceedings are disfavored, and the moving party must satisfy a heavy burden. *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 549 (5th Cir. 2006). In reviewing the denial of a motion to rescind and reopen, "this court applies a highly deferential abuse-of-discretion standard, regardless of the basis of the alien's request for relief." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).

An alien who fails to appear at a removal proceeding shall be ordered removed *in absentia* if the Government sufficiently establishes removability. 8 U.S.C. § 1229a(b)(5)(A). An *in absentia* removal order may be rescinded upon a motion to reopen if the alien demonstrates that he "did not receive notice" in the manner required by the statute. § 1229a(b)(5)(C)(ii). "[W]hen service is furnished via regular mail, an alien's statement in an affidavit that is without evidentiary flaw may be sufficient to rebut the presumption of effective service." *Torres Hernandez v. Lynch*, 825 F.3d 266, 269 (5th Cir. 2016).

Significantly, Xavier-De Oliveira has provided no evidence to rebut the presumption of delivery by regular mail. That presumption applies here because he was personally served with the Notice to Appear and the notice of hearing indicates that it was mailed to Xavier-De Oliveira's address. Although Xavier-De Oliveira, through counsel, argued in briefing that he did not receive notice, such arguments of counsel do not constitute evidence. *See Skyline Corp. v. NLRB*, 613 F.2d 1328, 1337 (5th Cir. 1980). In light of the fact that Xavier-De Oliveira has provided only naked assertions, unsupported by any evidence, in an attempt to rebut the presumption of delivery, we conclude that the BIA did not abuse its discretion in denying the motion to reopen. *Torres Hernandez*, 825 F.3d at 269-71.

Finally, we do not have jurisdiction to consider Xavier-De Oliveira's alternative argument that the BIA improperly declined to exercise its *sua*

No. 14-60573

*sponte* authority. This court has held that it lacks jurisdiction to review a BIA's discretionary decision to decline to reopen a case *sua sponte*. *Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 248–50 (5th Cir.2004). The Supreme Court's decision in *Mata v. Lynch* did not disturb our court's prior precedent on this point. 135 S. Ct. 2150, 2155, (2015) (explicitly declining to weigh in on the holding of *Enriquez-Alvarado*). Nor is there any applicable jurisdictional exception under 8 U.S.C. § 1252(a)(2)(D) for the alleged constitutional due process violation because "there is no liberty interest at stake in a motion to reopen." *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 550 (5th Cir. 2006).

DENIED IN PART; DISMISSED IN PART.