# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60126
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 14, 2017

Lyle W. Cayce
Clerk

RUBEN DARIO URIBE-SANCHEZ,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A091 881 573

Before BENAVIDES, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ruben Dario Uribe-Sanchez, a native and citizen of Mexico, challenges the decision of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) denial of his motion to reopen removal proceedings. The BIA found Uribe-Sanchez's motion to be untimely and declined to exercise its sua sponte discretion to reopen the removal proceedings. Uribe-Sanchez contends that this was error.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60126

We lack jurisdiction to review the BIA's decision not to exercise its discretion to grant Uribe-Sanchez's motion to reopen. *See Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 248-50 (5th Cir. 2004). The Supreme Court's recent decision in *Mata v. Lynch*, 135 S. Ct. 2150 (2015), does not disturb our prior precedent on this point. *See Oliveira v. Lynch*, 670 F. App'x 307, 308 (5th Cir. 2016).[1] Uribe-Sanchez's argument that we may nevertheless review his argument that he had a due process right to a hearing on his request for a waiver under Section 212(c) of the Immigration and Nationality Act[2] is unavailing. Because his due process claim was not exhausted below, we lack jurisdiction to review it. *Claudio v. Holder*, 601 F.3d 316, 318 (5th Cir. 2010). The petition is therefore dismissed in part.

While we do have jurisdiction to review the BIA's denial of Uribe-Sanchez's statutory motion to reopen, *see Mata*, 135 S. Ct. at 2154-55, Uribe-Sanchez does not dispute that the motion to reopen was barred by statute because he filed it more than 20 years after the removal decision. *See* 8 U.S.C. § 1229a(c)(7)(C)(i). There is no indication in the record, nor does Uribe-Sanchez argue, that he raised the issue of equitable tolling below. Because he has not demonstrated that the BIA abused its discretion by denying the statutory motion to reopen as time barred, *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014), his petition is therefore denied in part.

DISMISSED IN PART AND DENIED IN PART.

---

[1] Although an unpublished opinion issued after January 1, 1996, is not controlling precedent, it may be considered as persuasive authority. *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).

[2] Section 212(c) formerly afforded the Attorney General the discretion to admit otherwise excludable aliens. *See I.N.S. v. St. Cyr*, 533 U.S. 289, 294-95 (2001). Section 212(c) was replaced in 1996 with 8 U.S.C. § 1229b(a), which permits the Attorney General to cancel removal of a deportable or inadmissible alien under certain circumstances. *See St. Cyr*, 533 U.S. at 297; *Holder v. Martinez Gutierrez*, 132 S. Ct. 2011, 2015 (2012).