# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60258
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 28, 2017

Lyle W. Cayce
Clerk

YADER ENRIQUE ROJAS-GUERRERO,

Petitioner,

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 005 888

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Yader Enrique Rojas-Guerrero, a native and citizen of Nicaragua, challenges the decision of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) denial of his motion to reopen removal proceedings and rescind the in absentia removal order. The BIA concluded that Rojas-Guerrero was not entitled to actual notice of the removal hearing, because he had not provided a mailing address; that it was irrelevant whether

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60258

he had received a list of free legal services available to him, given his non-compliance with the address requirement; that he had not demonstrated he was prima facie eligible for adjustment of status; and that nothing warranted reopening of the removal proceedings sua sponte. Rojas-Guerrero argues that this was error. We review the denial of a motion to reopen "under a highly deferential abuse-of-discretion standard." *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014) (quoting *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2007)).

As to Rojas-Guerrero's first argument, we have repeatedly held that "an alien's failure to receive actual notice of a removal hearing due to his neglect of his obligation to keep the immigration court apprised of his current mailing address does not mean that the alien 'did not receive notice.'" *Gomez-Palacios v. Holder*, 560 F.3d 354, 360-61 (5th Cir. 2009). Rojas-Guerrero was personally served with a Notice to Appear (NTA), which stated that he was required to provide a mailing address and telephone number where he could be reached; that failure to do so meant that the Government was not required to provide written notice of hearing; and that failure to attend the hearing could result in removal in absentia. Rojas-Guerrero was orally informed, in Spanish, of the consequences of failing to appear. He cites no case law from this circuit in support of the argument that his failure to provide a mailing address is somehow justified because he was not provided with a list of free legal services. Further, because he was already aware from the NTA that he was required to provide an address or risk deportation in absentia, Rojas-Guerrero suffered no prejudice and has not demonstrated a violation of his due process rights. *See Rosales v. Bureau of Immigration & Customs Enf't*, 426 F.3d 733, 736-37 (5th Cir. 2005). This portion of the petition is denied.

No. 16-60258

As to Rojas-Guerrero's second argument, we lack jurisdiction to review the BIA's decision not to exercise its discretion to reopen the proceedings. *See Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 248-50 (5th Cir. 2004). The Supreme Court's recent decision in *Mata v. Lynch*, 135 S. Ct. 2150 (2015), does not disturb our prior precedent on this point. *See Oliveira v. Lynch*, 670 F. App'x 307, 308 (5th Cir. 2016).[1] This portion of the petition is dismissed.

DENIED IN PART AND DISMISSED IN PART.

---

[1] Although an unpublished opinion issued after January 1, 1996, is not controlling precedent, it may be considered as persuasive authority. *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).