**Joan Jepkirui SETTIM, Petitioner,**

v.

**Alberto R. GONZALES, U S Attorney General, Respondent.**

No. 05–60081.

United States Court of Appeals, Fifth Circuit.

Decided March 15, 2006.

Gabriel Ibukun–Olu Giwa, Houston, TX, for Petitioner.

Thomas Ward Hussey, Director, Linda Susan Wendtland, U.S. Department of Justice, Office of Immigration Litigation, John S. Hogan, U.S. Department of Justice, Civil Division Immigration Litigation, Washington, DC, Hipolito Acosta, U.S. Immigration & Naturalization Service, Houston, TX, Caryl G. Thompson, U.S. Immigration & Naturalization, Service District Directors Office, New Orleans, LA, for Respondent.

Alberto R. Gonzales, U.S. Department of Justice, Washington, DC, pro se.

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge: *

Petitioner Settim was ordered removed *in absentia* on April 6, 2004. Settim filed a motion to reopen, claiming that she did not receive a Notice of Hearing. The Board of Immigration Appeals ("BIA") adopted and affirmed the decision of the Immigration Judge ("IJ") denying the motion. For the reasons that follow, we grant the petition for review and remand for further consideration.

---

* Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

## I. FACTS AND PROCEEDINGS

Settim is a native of Kenya who overstayed her nonimmigrant visa in violation of Immigration and Nationality Act § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B). The BIA ordered Settim removed *in absentia*. When she received notice of the default judgment, Settim filed a motion to reopen. She claims that she did not receive a Notice of Hearing, and both she and her citizen husband submitted affidavits to this effect. Settim does admit that she received the Notice to Appear [1] and a copy of the default judgment, both sent to the same address as the Notice of Hearing.[2] All correspondence was sent via regular mail by the U.S. Postal Service. Settim urges that she had no intention of failing to attend her proceedings, since she is married to a U.S. citizen and has applied for adjustment of status. On appeal, Settim argues that the BIA erred in denying her motion to reopen. This court reviews the denial of a motion to reopen for abuse of discretion. *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir.2005).

## II. DISCUSSION

In *Maknojiya v. Gonzales*, 432 F.3d 588, 590 (5th Cir.2005), this court held that it was an abuse of discretion for the IJ to deny the petitioner's motion to reopen where a hearing notification change was sent by regular mail and where the petitioner and his attorney submitted affidavits asserting that they received no notice of the change. Joining other circuits that have addressed this issue, the *Maknojiya* court distinguished mailings involving regular mail from those involving certified mail in the context of 8 U.S.C. § 1229(a)(1).[3] *Id.* at 589. Under this statutory provision, only where the mailing is through certified mail does a strong presumption of effective service arise. *Id.* (citing *Matter of Grijalva*, 21 I. & N. Dec. 27, 1995 WL 314388 (BIA 1995)). Where the correspondence is sent by regular mail, and where there is no other evidence that the petitioner was attempting to avoid the proceedings, the petitioner's statement that he or she did not receive the correspondence is sufficient evidence that mail delivery failed. *Id.* at 590.

In denying Settim's motion to reopen, the BIA relied on *Grijalva* for the proposition that there is a strong presumption of effective service when correspondence is sent by certified mail. However, the BIA's reliance on *Grijalva* was improper because, in Settim's case, the correspondence was sent by regular mail, not certified mail. *See Maknojiya*, 432 F.3d at 589. Also, Settim and her husband submitted affidavits that Settim did not receive the Notice of Hearing. Under *Maknojiya*, these affidavits are sufficient to establish that mail delivery failed, in the absence of other evidence that she was attempting to evade the proceedings. As

---

1. The Notice to Appear did not include the date of the proceedings.

2. Settim points out that there is a discrepancy between the zip code where the Notice to Appear and the notice of default judgment were sent—77075—and the proper one—77074. It is not clear from the record who is at fault for this error. Only Settim's application for adjustment of status contains the erroneous zip code, and that form appears to have been completed by her attorney. Settim's other paperwork with the INS that is in the record, including the Petition for Alien Relative, the Notice of Action, the Privacy Act Request, and a letter addressed to her from the Department of Justice, all contain the proper zip code.

3. In non-immigration contexts, there is a presumption that a letter will reach its destination, when properly directed and placed in a U.S. post office mail receptacle. *See Beck v. Somerset Technologies, Inc.*, 882 F.2d 993, 996 (5th Cir.1989).

a result, the BIA abused its discretion in denying Settim's motion to reopen.

## IV. CONCLUSION

We GRANT the petition for review and REMAND for further consideration consistent with this opinion.