# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 18, 2011

No. 10-60047
Summary Calendar

Lyle W. Cayce
Clerk

RICARDO GALO-MARTINEZ,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A029 938 501

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ricardo Galo-Martinez, a native and citizen of Honduras, petitions this court for review of the Board of Immigration Appeals' (BIA) decision dismissing his appeal of the Immigration Judge's (IJ) denial of the motion to reopen his in absentia deportation proceedings. Relying on *In re Grijalva*, 21 I. & N. Dec. 27 (BIA 1995), Galo-Martinez contends that the BIA erred in holding that he was provided sufficient notice of the deportation hearing because there was no evidence that the hearing notice was sent by certified mail. In the alternative,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he argues that even if the hearing notice was properly served, he presented sufficient evidence to rebut the presumption of delivery by regular mail.

This court reviews the denial of a motion to reopen "under a highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). The BIA's decision must be upheld as long as it is not "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006) (internal quotation marks and citation omitted). While questions of law are reviewed de novo, this court "accord[s] deference to the BIA's interpretation of immigration statutes unless the record reveals compelling evidence that the BIA's interpretation is incorrect." *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). The BIA's factual findings are reviewed under the substantial evidence test, meaning that this court may not overturn the BIA's factual findings unless the evidence compels a contrary conclusion. *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994). This court reviews the BIA's decision and will consider the underlying decision of the IJ only if it influenced the determination of the BIA. *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 348 (5th Cir. 2002).

Galo-Martinez's reliance on *Grijalva* is misplaced. Galo-Martinez's hearing notice was served prior to June 13, 1992. Thus, as the BIA correctly noted, his in absentia deportation proceedings were conducted pursuant to former § 242(b) of the Immigration and Nationality Act, as codified in former 8 U.S.C. § 1252(b). *See Williams-Igwonobe v. Gonzales*, 437 F.3d 453, 455 & n.1 (5th Cir. 2006). Under former § 1252(b), a deportation hearing could be held in absentia if the alien was given a reasonable opportunity to be present and without reasonable cause failed or refused to attend the proceedings. § 1252(b) (1990). Section 1252(b)(1) required that the alien "be given notice, reasonable under all the circumstances, of the nature of the charges against him and of the time and place at which the proceedings will be held." § 1252(b)(1) (1990). The

applicable regulations provided that the "Office of the Immigration Judge [was] responsible for providing notice of the time, place, and date of the hearing to the government and respondent/applicant." 8 C.F.R. § 3.17 (1990). Notice of the hearing could be accomplished by routine service, that is, "mailing a copy by ordinary mail addressed to a person at his last known address." 8 C.F.R. § 103.5a(a)(1) (1990).

Galo-Martinez acknowledges that he was personally served with the Order to Show Cause (OSC) on April 2, 1990. The OSC provided that Galo-Martinez was required to appear before the IJ at a date and time to be set later and advised him that if he failed to attend the hearing, a determination could be made in his absence. The OSC also contained the address Galo-Martinez had provided immigration officials upon his apprehension. Eight days later, the immigration court issued a written notice indicating that a master calendar hearing had been scheduled for May 3, 1990. The hearing notice was sent by regular mail to the address on the OSC. The record does not indicate that the notice was returned to the court as undeliverable. Therefore, the BIA did not err in holding that Galo-Martinez was properly served with the hearing notice. *See Matter of Munoz-Santos*, 20 I. & N. Dec. 205, 206 (BIA 1990).

The BIA's determination that Galo-Martinez failed to overcome the presumption of delivery is also supported by substantial evidence. Although Galo-Martinez filed an affidavit asserting that he did not receive the hearing notice, he did not submit an affidavit from any individuals who were knowledgeable about the facts relevant to whether notice was received. Galo-Martinez did not initiate deportation proceedings nor did he have any applications for relief pending at the time of his failure to appear. Thus, there was no indication that he had an incentive to appear for the hearing. Further, although Galo-Martinez acknowledged that he received the in absentia deportation order at the same address in May 1990, he did not file a motion to reopen until 19 years later. Galo-Martinez's alleged failure to receive actual

No. 10-60047

notice of the deportation hearing was due to circumstances of his own making. Therefore, he has not shown that the BIA abused its discretion when it dismissed his appeal of the IJ's denial of the motion to reopen his in absentia deportation proceedings. Accordingly, Galo-Martinez's petition for review is DENIED.