**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 9, 2011

Lyle W. Cayce
Clerk

No. 10-60744
Summary Calendar

MARIA ROSA ESCOBAR-LANDAVERDE,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A029 938 459

Before KING, HIGGINBOTHAM, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Maria Rosa Escobar-Landaverde (Escobar), a native and citizen of El Salvador, petitions this court for review of the decision of the Board of Immigration Appeals (BIA) denying her motion for reconsideration of the dismissal of her appeal from the Immigration Judge's denial of her motion to reopen the deportation proceedings that were commenced against her in 1990 and denying her motion to sua sponte reopen the proceedings. Escobar argues that she did not receive proper service of the Order to Show Cause (OSC) or the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

subsequently mailed notice of her deportation hearing and that she demonstrated reasonable cause for failing to attend her deportation hearing. She argues that the BIA failed to recognize that Immigration and Naturalization Service officials erred in documenting her address on the OSC and were therefore directly responsible for her lack of notice. She also asserts that the BIA erred by failing to accord precedential value to its published decision in *Matter of G-Y-R*, 23 I. & N. Dec. 181, failing to find that there was reasonable cause for her failure to appear at the hearing, and failing to accept her sworn statement as true. She also reasserts her argument that the order entered in absentia should be rescinded, among other reasons, because she was not notified that her deportation hearing had been rescheduled from May 17, 1990 to May 21, 1990.

Because the authority to reopen an immigration proceeding sua sponte is entirely discretionary, we lack jurisdiction to review a challenge to the BIA's refusal to exercise its sua sponte authority to reopen removal proceedings. *Lopez-Dubon v. Holder*, 609 F.3d 642, 647 (5th Cir. 2010), *cert. denied*, ___ S. Ct. ___, 2011 WL 1529750 (2011); *Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 249-50 (5th Cir. 2004). Accordingly, Escobar's petition for review is dismissed, in part, on this basis, and we will not consider Escobar's arguments challenging the BIA's failure to sua sponte reopen the proceedings. *See Ramos-Bonilla v. Mukasey*, 543 F.3d 216, 220 (5th Cir. 2008); *Khan v. Holder*, 384 F. App'x 355, 356 (5th Cir. 2010).

We review the BIA's denial of a motion for reconsideration under a highly deferential abuse-of-discretion standard. *See Lara v. Trominski*, 216 F.3d 487, 496-97 (5th Cir. 2000); *Osuchukwu v. INS*, 744 F.2d 1136, 1141 (5th Cir. 1984). Under this standard, we must uphold the BIA's denial of a motion for reconsideration, even if the court "deem[s it] in error, so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or

otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach." *Osuchukwu*, 744 F.2d at 1142.

Former section 242(b) of the Immigration and Nationality Act, codified as 8 U.S.C. § 1252(b), applies to deportation orders that were entered before 1992, as in Escobar's case. Former section 242(b) did not prescribe the method by which service of the OSC or the hearing notice must be made, nor did it require that immigration officials notify aliens of their obligation to update their addresses. Rather, § 242(b) required that an "alien shall be given notice, reasonable under all the circumstances, of the nature of the charges against him and of the time and place at which the proceedings will be held." The statute did "not impose a more stringent notice requirement on the INS than required by the Constitution." *United States v. Estrada-Trochez,* 66 F.3d 733, 736 n.1 (5th Cir. 1995). Moreover, at that time, an alien had an obligation to notify the Attorney General of any changes to her address. 8 U.S.C. § 1305(a) (1986).

The BIA determined that Escobar was personally served with the OSC, as evidenced by her fingerprint on the certificate of service, and that Escobar was given reasonable notice under the circumstances. Although Escobar provided an affidavit in support of her motion, she did not attest that she did not receive the OSC, nor did she deny that it was her fingerprint on the OSC. Thus, to the extent that the BIA made the factual finding that Escobar was served with the OSC, the evidence does not compel a contrary conclusion. *See Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).

In addition, although Escobar argues that she failed to receive the notice informing her of her hearing date because the OSC did not note her correct mailing address, Escobar failed to correct the error upon receiving the OSC. Moreover, she attested that she moved during the first week of April 1990, which was less than one week after she was served with the OSC, but she never informed immigration agents of her new address, as she was obligated to do. *See* § 1305. Accordingly, the BIA determined that even though Escobar did not

actually receive the notice of the hearing, "when the notice of hearing was mailed to [her] . . . less than 2 weeks after the OSC was served on her, it was reasonable under the circumstances."

Escobar has not shown any error in the BIA's determination that she failed to demonstrate reasonable cause for her failure to appear. *See Estrada-Trochez*, 66 F.3d at 735-36.  Notwithstanding her challenges to the BIA's findings, Escobar has failed to demonstrate that the BIA's denial of her motion for reconsideration was arbitrary, capricious, racially invidious, or utterly without foundation in evidence. *See Osuchukwu*, 744 F.2d at 1142.  Thus, we conclude that the BIA did not abuse its discretion in denying her motion for reconsideration. *See Lara*, 216 F.3d at 496.

Accordingly her petition for review is DENIED in part and DISMISSED in part for lack jurisdiction.