# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 30, 2012

Lyle W. Cayce
Clerk

No. 12-60240
Summary Calendar

QING ZHENG,

                            Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

                            Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 901 380

Before DAVIS, BARKSDALE, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Qing Zheng, a native and citizen of the Peoples Republic of China, petitions for review of the Board of Immigration Appeals' (BIA) denying as untimely and number-barred her third motion to reopen her removal proceedings. Zheng contended in that motion: she fled China and entered the United States illegally because she feared persecution by a police officer with whom she had ended an intimate relationship; and she is eligible to apply for asylum because country conditions have changed as a result of her marriage to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a native-Chinese Falun Gong practitioner and lawful permanent resident of the United States, and as a result of her giving birth to a child in the United States.

Motions to reopen are disfavored. *Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000). BIA denials of such motions are reviewed under a "highly deferential abuse-of-discretion standard." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). Such denials must be affirmed unless "capricious, without foundation in the evidence, or otherwise so irrational that [they are] arbitrary rather than the result of any perceptible rational approach." *Id.*

Although Zheng's motion to reopen would ordinarily be untimely and number-barred, 8 U.S.C. § 1229a(c)(7)(C)(i) (motions to reopen must be filed within 90 days of removal order), she moved to reopen to apply for asylum based on previously unavailable and material evidence of changed country conditions, 8 U.S.C. § 1229a(c)(7)(C)(ii) (no time limit for motion to reopen based on material and previously unavailable evidence of changed country conditions). We therefore have jurisdiction to review the denial of her motion. *E.g., Panjwani v. Gonzales*, 401 F.3d 626, 632 (5th Cir. 2005) (jurisdiction to review denial of untimely motions to reopen when based on changed country conditions).

Zheng supported her change-of-country-conditions contention with her affidavit and an unsworn letter from her father. After considering this evidence, the BIA held: Zheng's marriage and the birth of her child constituted changed personal circumstances, not country conditions; she failed to show previously unavailable evidence relating to her alleged mistreatment; her affidavit relating to changed country conditions was not based on personal knowledge and was speculative; and her father's statements were unpersuasive because he was an interested witness, they were vague, speculative, and without foundation, and they failed to show a reasonable likelihood Zheng would be persecuted upon returning to China.

No. 12-60240

Because Zheng fails to show material or previously unavailable evidence of changed country conditions, she fails to show the BIA abused its discretion in denying her third motion to reopen. *E.g., Panjwani*, 401 F.3d at 633.

DENIED.