# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60328
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 28, 2016

Lyle W. Cayce
Clerk

IDALIA SOSA-PERDOMO,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petitions for Review of Orders of the
Board of Immigration Appeals
BIA No. A078 910 394

Before JOLLY, BENAVIDES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Idalia Sosa-Perdomo, a native and citizen of Guatemala, petitions for review of the order of the Board of Immigration Appeals (BIA) dismissing her appeal of the immigration judge's (IJ) denial of her motion to reopen her in absentia removal proceedings. She also petitions for review of the BIA's order denying her motion for reconsideration. We have jurisdiction to review the denials of these motions. *See Nolos v. Holder*, 611 F.3d 279, 281 (5th Cir. 2010).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60328

We review the BIA's denials of motions to reopen or reconsider under a "highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). The BIA "abuses its discretion when it issues a decision that is capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies." *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014).

We review the BIA's rulings of law de novo and its findings of fact for substantial evidence. *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007). Under the substantial-evidence test, "this court may not overturn the BIA's factual findings unless the evidence compels a contrary conclusion." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). Because the BIA affirmed the IJ's decision based, in part, on the reasons articulated by the IJ, we will also consider the IJ's decision. *See id.*

To the extent that Sosa-Perdomo argues under 8 U.S.C. § 1229a(b)(5)(C)(ii) that she did not receive the notice of hearing mailed to the Illinois address set forth in her Form I-830 because she did not supply an address to immigration officials as required by 8 U.S.C. § 1229(a)(1)(F), reopening is not warranted. *See id.* at 360-61. Further, despite her affidavit to the contrary, the record evidence, including the Form I-830, does not compel the conclusion that the BIA erred by finding that Sosa-Perdomo provided the Illinois address. *See id.* at 358.

In considering whether Sosa-Perdomo had overcome the weaker presumption of delivery accorded to mailed hearing notices, the BIA did not misapply *Matter of M-R-A-*, 24 I&N Dec. 665 (BIA 2008), by taking into account Sosa-Perdomo's lack of diligence in failing to file her motion to reopen until over nine years after she was ordered removed in absentia. *See* 24 I&N Dec.

at 674 (setting forth a non-exclusive list of factors which may be considered but instructing that "all relevant evidence submitted to overcome the weaker presumption of delivery must be considered").  As Sosa-Perdomo's motions sought discretionary relief, she had no liberty interest at stake and cannot show that the BIA violated her due process rights.  *See Gomez-Palacios*, 560 F.3d at 361 n.2.  Finally, Sosa-Perdomo fails to show that her case met the standard for assignment to a three-member panel.  *See* 8 C.F.R. § 1003.1(e)(6).  The BIA did not abuse its discretion.  *See Zhao*, 404 F.3d at 303.

The petitions for review are DENIED.