# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fif h Circuit

**FILED**
July 14, 2017

Lyle W. Cayce
Clerk

No. 15-60846

DAGOBERTO HERNANDEZ-MATUTE, also known as Marlon Hernandez-Matute,

> Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

> Respondent

Petition for Review of an Order
of the Board of Immigration Appeals.
BIA No. A097-910-170

Before STEWART, Chief Judge, and HIGGINBOTHAM and COSTA, Circuit Judges.

PER CURIAM:*

Petitioner Dagoberto Hernandez-Matute requests review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen his *in absentia* removal. For the reasons that follow, we DENY his petition.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60846

## I. BACKGROUND

Hernandez-Matute is a citizen of Honduras who entered the United States in 2001 and settled in Santa Fe, New Mexico. In June 2005, he was riding on a bus that immigration officials stopped. When they realized Hernandez-Matute was undocumented, the officials detained Hernandez-Matute and personally served him with a Notice to Appear ("NTA"). The NTA noted that he was to have a hearing in El Paso, Texas, with the date and time "to be set." The certificate of service indicates that Hernandez-Matute received oral notice in Spanish of the consequences of a failure to appear. The NTA also listed Hernandez-Matute's address as 2600 Camino Entrada, in Santa Fe.

Hernandez-Matute did not appear at his removal hearing, and the Immigration Judge ("IJ") ordered him removed *in absentia*. The record includes a Notice of Hearing ("NOH") for a removal proceeding to be held on February 21, 2006 that lists the same address as the NTA. The NOH is dated November 16, 2005, and its certificate of service indicates that it was sent to "ALIEN" and "INS." The record does not indicate that the NOH was returned. Following Hernandez-Matute's *in absentia* removal, the order of removal was sent to the same Santa Fe address provided in the NTA, but it was returned as undeliverable.

In 2014, Hernandez-Matute filed a motion to reopen his removal proceedings, arguing that he never received the NOH. He attached an unsigned, hand-written statement in Spanish with an English translation, which asserted that he "remained at [his] address 2600 Camino Entrada Santa Fe New Mexico for one year after [his] apprehension on [sic] 2005, and [he] never received a citation to appear in Court." Additionally, he claimed that "because of economic means [he] was not able to investigate the case further." He submitted documentation of his marriage to a lawful permanent resident

2

in July of 2006 and the birth of their two children.  Hernandez-Matute also included a statement of support from his church, where he served as a traveling evangelical minister.

The IJ denied his motion to reopen, finding that the NOH had been sent by regular mail and that Hernandez-Matute had failed to rebut the presumption of receipt.  The IJ also concluded that Hernandez-Matute did not provide a mailing address at which he could be reached and that he "did not act diligently to remedy the order of removal against him, as he suspected something may be amiss in 2006, but did not move to reopen until 2014."

Hernandez-Matute appealed to the BIA.  He claimed that he provided a valid address but that "he never received the mail sent to him by the court." For the first time in his brief to the BIA, he asserted that he exercised proper diligence because he contacted a law office in 2006, and was told that he had been removed and that "there was nothing he could do" about the removal.  The BIA dismissed the appeal.  In its decision, the BIA noted that Hernandez-Matute was personally served with the NTA, while the NOH was mailed to the address provided by Hernandez-Matute and that the NOH was not returned as undeliverable.  Therefore, the BIA concluded that Hernandez-Matute had failed to overcome the presumption of delivery.  The BIA further noted that by waiting until 2014 to seek relief, after receiving the NTA in 2006, Hernandez-Matute had not exercised due diligence.

Hernandez-Matute timely filed this petition for review.  After briefing was concluded, this court issued its opinion in *Hernandez v. Lynch*, 825 F.3d 266 (5th Cir. 2016).  We requested and received supplemental briefing to address what impact, if any, *Hernandez* has on the present petition.

## II. STANDARD OF REVIEW

We review "the denial of a motion to reopen 'under a highly deferential abuse-of-discretion standard.'"  *Barrios-Cantarero v. Holder*, 772 F.3d 1019,

1021 (5th Cir. 2014) (per curiam) (quoting *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005)).  The BIA "abuses its discretion when it issues a decision that is capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies."  *Id.*

## III.  DISCUSSION

Hernandez-Matute raises two points of error before this court.  First, he argues that there is insufficient evidence that the NOH was ever delivered.  Alternatively, he asserts that the BIA abused its discretion by determining that he failed to rebut the presumption of delivery.  We address each argument in turn.

### A.  Mailing of the NOH

Hernandez-Matute's primary claim in his petition is that no presumption of delivery should apply because there is insufficient evidence that the NOH was ever mailed to him.  An *in absentia* removal order may be rescinded "upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice."  8 U.S.C. § 1229a(b)(5)(C)(ii); *see also Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).

We lack jurisdiction over this issue, however, because Hernandez-Matute failed to exhaust his administrative remedies by not raising this argument to the BIA.  *See* 8 U.S.C. § 1252(d); *Omari v. Holder*, 562 F.3d 314, 321 (5th Cir. 2009) ("[P]arties must fairly present an issue to the BIA to satisfy § 1252(d)'s exhaustion requirement.").  Although Hernandez-Matute argued generally to the BIA that he did not receive the NOH, he failed to challenge the IJ's underlying finding that the NOH was in fact mailed to him.  Accordingly, this issue is not properly before this court on appeal.  *See Omari*, 562 F.3d at 321.  Since we lack jurisdiction to review this issue, we do not address it.  *Id.*

No. 15-60846

## B. Presumption of Delivery

Hernandez-Matute also argues that the BIA abused its discretion when it determined that he had failed to overcome the presumption of delivery via regular mail. We disagree.

When service of an NOH is made via mail, a rebuttable presumption of receipt arises. *See Hernandez*, 825 F.3d at 269. A strong presumption of receipt exists when service is made by certified mail "that may be overcome only by the affirmative defense of nondelivery or improper delivery by the Postal Service." *Id.* (quoting *Maknojiya v. Gonzales*, 432 F.3d 588, 589 (5th Cir. 2005) (per curiam)). However, "when service is furnished via regular mail, an alien's statement in an affidavit that is without evidentiary flaw may be sufficient to rebut the presumption of effective service." *Id.* The BIA has a duty to consider "all relevant evidence submitted to overcome the weaker presumption of delivery." *Matter of M-R-A-*, 24 I. & N. Dec. 665, 674 (BIA 2008).

Hernandez-Matute submitted an unsigned, hand-written statement that he never received the NOH. Even if we treat this statement with the same evidentiary weight as an affidavit,[1] Hernandez-Matute has not shown that the BIA abused its discretion in determining that he failed to rebut the presumption of delivery via regular mail.

---

[1] *See Hernandez v. Lynch*, 825 F.3d 266, 270 (5th Cir. 2016) ("Where the correspondence is sent by regular mail, and where there is no other evidence that the petitioner was attempting to avoid the proceedings, the petitioner's *statement* that he or she did not receive the correspondence is sufficient evidence that mail delivery failed." (quoting *Settim v. Gonzales*, 171 F. App'x 436, 437 (5th Cir. 2006) (emphasis added) (unpublished))); *Zheng v. Holder*, 499 F. App'x 336, 337 (5th Cir. 2012) (unpublished) (per curiam) (giving some consideration to an unsworn letter). Additionally, both parties refer to Hernandez-Matute's letter as an "affidavit," and the BIA did not find evidentiary flaw in the letter.

No. 15-60846

In *Hernandez*, this court concluded that the BIA properly considered the credibility of the alien's affidavit but granted the petition for review because the BIA failed to consider additional, relevant evidence that supported the alien's claim that he did not receive notice. 825 F.3d at 270. Specifically, the BIA failed to consider the circumstantial evidence that the alien only discovered the removal proceedings against him by having an attorney file a Freedom of Information Act request and that he promptly filed a change of address form with his motion to reopen. *Id.* at 270–71.

No similar evidence was presented by Hernandez-Matute. Here, the BIA considered Hernandez-Matute's letter as well as evidence militating in favor of denying his motion to reopen. The BIA concluded that the approximately seven-year delay between the removal and motion to reopen indicated a lack of diligence. *See Matter of M-R-A-*, 24 I. & N. Dec. at 674 (listing an alien's due diligence as a factor to consider); *Sosa-Perdomo v. Lynch*, 644 F. App'x 320, 321 (5th Cir. 2016) (unpublished) (per curiam) (nine-year delay indicated a lack of diligence); *Rahim v. Holder*, 552 F. App'x 358, 360 (5th Cir. 2014) (unpublished) (per curiam) (eight-year delay). The BIA also noted that Hernandez-Matute was personally served with the NTA and orally told in Spanish of the consequences of failing to attend his hearing. *See Rahim*, 552 F. App'x at 360; *cf. Hernandez*, 825 F.3d at 271 (noting that the BIA considered that petitioner had not contested his receipt of the NTA, but concluding that this was insufficient—without more—to justify the BIA's decision). It considered, but properly rejected, the argument that Hernandez-Matute contacted an attorney in 2006, which was raised for the first time in his attorney's brief to the BIA without supporting documentation. *See Skyline Corp. v. NLRB*, 613 F.2d 1328, 1337 (5th Cir. 1980) ("Statements by counsel in briefs are not evidence."). Hernandez-Matute does not point to any evidence the district court failed to consider, other than his unexhausted claim that

6

there was insufficient evidence the letter was ever mailed. Moreover, our independent review of the record revealed no circumstantial evidence that the BIA failed to consider.[2] Nor is this a case where the BIA applied the incorrect legal standard. *See Settim v. Gonzales*, 171 F. App'x 436, 437 (5th Cir. 2006) (unpublished) (granting review based on a petitioner's affidavit where the BIA applied the stronger certified mail presumption to an NOH sent by regular mail).

Accordingly, we conclude that the BIA did not abuse its discretion when it denied Hernandez-Matute's motion to reopen. *Barrios-Cantarero*, 772 F.3d at 1021.

## IV. CONCLUSION

For the foregoing reasons, Hernandez-Matute's petition for review is DENIED.

---

[2] Hernandez-Matute's marriage to a lawful permanent resident is not circumstantial evidence of an incentive to appear at his hearing because his marriage occurred months after the *in absentia* removal hearing. *See Rahim v. Holder*, 552 F. App'x 358, 360 (5th Cir. 2014) (unpublished) (per curiam) (concluding the immigration status of petitioner's husband did not show an incentive to appear when he obtained lawful permanent status after her *in absentia* removal hearing).