## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60098

United States Court of Appeals
Fifth Circuit

**FILED**
April 5, 2019

Lyle W. Cayce
Clerk

JOSE JAVIER ROMERO-RAMIREZ,

> Petitioner

v.

WILLIAM P. BARR, U.S. ATTORNEY GENERAL,

> Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A028 890 409

Before JOLLY, COSTA, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

The Board of Immigration Appeals denied Jose Javier Romero-Ramirez's motion to reopen his deportation proceedings. Romero-Ramirez appeals, arguing that he did not receive actual notice of his original deportation hearing because he moved without informing immigration officials. Because we find that the Board acted within its discretion in denying Romero-Ramirez's motion to reopen, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60098

I.

Jose Javier Romero-Ramirez, a native of Honduras, entered the United States in 1990 without inspection. Soon after he entered the country, the Immigration and Naturalization Service (INS) apprehended him and issued an order to show cause (OSC). The OSC alleged that Romero-Ramirez was eligible to be deported because his entry was unauthorized and ordered him to appear before an Immigration Judge (IJ) at a date and time "to be scheduled." This OSC further warned Romero-Ramirez that failure to attend the hearing may result in a determination being made in his absence. On April 25, 1990, the OSC was personally served on Romero-Ramirez and listed the address he provided to the INS, "110 E. La. Chappelle, San Antonio, Texas 78204." Two weeks later, on May 10, 1990, a notice of master calendar hearing (NTA or "hearing notice") was sent to the San Antonio address listed on the OSC informing Romero-Ramirez that his hearing was scheduled for June 8, 1990 at 8:00 A.M. at 727 E. Durango Blvd Rm A-513 San Antonio, TX 78206. This notice was not returned as undeliverable or otherwise not properly received.

Romero-Ramirez did not show up for his June 8, 1990 hearing and the IJ held an in absentia deportation hearing and found Romero-Ramirez deportable as charged. The immigration court mailed the deportation order to the San Antonio address Romero-Ramirez provided on the OSC but the order was returned—"return to sender . . . attempted — not known."

Twenty-six years later, in 2016, Romero-Ramirez filed a motion to reopen his deportation proceedings, stay deportation, and rescind the in absentia deportation order. In this motion, Romero-Ramirez argues that reopening was warranted because he did not receive notice of the 1990 deportation hearing. He concedes that the sole reason he did not receive notice was that he had moved from the San Antonio address within a week of receiving the OSC. He also concedes that he did not recall informing the

2

No. 18-60098

immigration court of his change of address but argues that this was excusable because he was not informed of his obligation to do so. The IJ denied the motion to reopen because he found that Romero-Ramirez's lack of notice was due to his failure to inform the immigration officials of his change of address as required by federal law and regulation. Therefore, Romero-Ramirez failed to overcome the presumption that the hearing notice was delivered. The IJ denied Romero-Ramirez's motion to reconsider, at which point Romero-Ramirez appealed to the Board of Immigration Appeals (BIA).

The BIA found that the IJ erred in applying the modern statutory standard governing motions to reopen rather than the reasonable cause standard of 8 U.S.C. § 1252(b), which applies to cases, like Romero-Ramirez's, that occurred before 1992.[1] The BIA remanded to the IJ to determine whether there was reasonable cause for Romero-Ramirez's absence from his deportation hearing.

On remand, Romero-Ramirez filed an affidavit attesting that he had not been told of his responsibility to inform the INS of his change of address. He also asserted that he had no contact with the friend he stayed with at the San Antonio address listed on the OSC after moving nor did his friend forward him any mail sent to him at that address. Romero-Ramirez's primary argument was that he did not receive actual notice of the hearing. He states in his affidavit that he "didn't get the hearing notice because [he] changed addresses." Applying the correct statutory standard, the IJ again denied Romero-Ramirez's motion to reopen. The IJ acknowledged that the OSC did

---

[1] Immigration proceedings conducted prior to June 13, 1992, are governed by the since amended 8 U.S.C. § 1252(b). *See Williams-Igwonobe v. Gonzales*, 437 F.3d 453, 455 n.1 (5th Cir. 2006) (citing *In re Cruz-Garcia*, 22 I. & N. Dec. 1155, 1156, n.1 (BIA 1999)). Former § 1252(b)(1) required that an alien "shall be given notice, reasonable under all the circumstances, of the nature of the charges against him and of the time and place at which the proceedings will be held."

No. 18-60098

not advise Romero-Ramirez of his obligation to notify immigration officials of any change of address. The IJ further found, however, that the effective regulations at the time placed the responsibility squarely upon the alien to keep the government informed of his current address. Because Romero-Ramirez did not comply with his duty to keep his address up to date, he did not establish reasonable cause excusing his failure to attend his hearing. Romero-Ramirez again appealed to the BIA.

This time the BIA upheld the IJ's denial of Romero-Ramirez's motion to reopen. The BIA noted that Romero-Ramirez was personally served with the OSC, which indicated that Romero-Ramirez's address was "110 E. La Chappelle, San Antonio, TX 78204." Fifteen days after Romero-Ramirez was successfully served the OSC, the Immigration Court mailed the notice of hearing to the same address.[2] Therefore, notice was accomplished by routine service, "mailing a copy by ordinary mail address to the person at his last known address." 8 C.F.R. § 103.5a(a)(1) (1990). The Board held that Romero-Ramirez's failure to receive actual notice was not a reasonable basis to miss his hearing because his failure to receive the NTA "was due to his own conduct in failing to provide a valid address and failing to contact the Immigration Court to inquire about the status of his deportation proceedings for many years." *See United States v. Estrada-Trochez*, 66 F.3d 733, 736 (5th Cir. 1995); *Galo-Martinez v. Holder*, 413 F. App'x 694, 696 (5th Cir. 2011). Romero-Ramirez timely appealed the BIA's decision.

---

[2] The BIA makes a factual error when it mentions that the NTA was returned as "Attempted — Not Known." The deportation notice was returned as "Attempted — Not Known," the NTA was not returned in such a manner. As discussed below, this error is harmless.

4

No. 18-60098

II.

On appeal Romero-Ramirez argues that his failure to appear was reasonable because the government did not inform him of his obligation to keep his address current with immigration authorities. To support his argument, Romero-Ramirez relies heavily upon the Ninth Circuit's holding that under the former § 1252(b) "there is reasonable cause for failure to appear when an alien has not received notice of the time and place of the hearing due to a change of address, and the alien was not informed of a requirement to advise the INS of any change of address." *See Urbina-Osejo v. INS*, 124 F.3d 1314, 1317 (9th Cir. 1997). Romero-Ramirez also argues for the broader due process proposition "that it is simply unfair to deport an alien for failing to provide the agency with an updated address when they are not given fair notice of such a requirement."

The government responds that Romero-Ramirez's failure to receive actual notice of his deportation hearing was due to his failure to update the INS of his address change, which does not constitute reasonable cause for his absence under this court's precedent. The government asserts that the BIA was correct to note that notice was properly accomplished by "mailing a copy [of the NTA] by ordinary mail addressed to the person at his last known address." *See* 8 C.F.R. § 103a(a)(1) (1990); *Galo-Martinez*, 413 F. App'x at 696. The government further contends that this court should not apply a Ninth Circuit rule that conflicts with this circuit's precedent. The government's argument is centered on three Fifth Circuit cases that it asserts are substantively indistinguishable—none of which found good cause for failure to appear under § 1252(b) when the government sent an NTA to the alien's last

5

### No. 18-60098

known address.[3]  *See Estrada-Trochez*, 66 F.3d 733; *Escobar-Landaverde v. Holder*, 428 F. App'x 332 (5th Cir. 2011); *Galo-Martinez,* 413 F. App'x 694.

### III.

This court reviews the BIA's denial of a motion to reopen under "a highly deferential abuse of discretion standard." *Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000).  We will affirm the BIA's decision so long as it is "not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).  Romero-Ramirez bears the burden of demonstrating "reasonable cause" for his failure to appear at his deportation proceeding.  8 U.S.C. § 1252(b) (1990).  Since Romero-Ramirez's deportation proceeding was conducted prior to June 13, 1992, the former § 1252(b) governs this case.  *See Williams-Igwonobe*, 437 F.3d at 455 n.1 (citing *In re Cruz-Garcia*, 22 I. & N. Dec. at 1156, n.1).  Section 1252(b)(1) required that an alien "shall be given notice, reasonable under all the circumstances, of the nature of the charges against him and of the time and place at which the proceedings will be held."  Furthermore, it was the alien's responsibility to "notify the Attorney General in writing of each change of address and new address within ten days from the date of such change."  8 U.S.C. § 1305; *Estrada-Trochez*, 66 F.3d at 736 (noting that this provision is

---

[3] The government also argues that this court lacks jurisdiction over several of Romero-Ramirez's arguments because he failed to exhaust them before the BIA.  We find that the government's argument is without merit except with regard to Romero-Ramirez's claim that the OSC was required to contain a Spanish language notice of his obligation to update his address with the government.  Romero-Ramirez's remaining arguments were adequately raised to the BIA. *See Vazquez v. Sessions*, 885 F.3d 862, 868 (5th Cir. 2018) (An alien must "raise, present, or mention an issue to the BIA to satisfy exhaustion" (internal quotation marks omitted)).  Furthermore, his constitutional due process arguments are not subject to the exhaustion requirement. *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004) ("Claims of due process violations, except for procedural errors that are correctable by the BIA, are generally not subject to the exhaustion requirement.").

"essential to the administration of the INS"). Additionally, § 1252(b) "did not prescribe the method by which service of the OSC or the hearing notice must be made, nor did it require that immigration officials notify aliens of their obligation to update their addresses." *Escobar-Landaverde*, 428 F. App'x at 333. Delivery of notice to the alien's last known address constitutes reasonable notice for purposes of constitutional due process and former § 1252(b). *See Estrada-Trochez*, 66 F.3d at 736; *Escobar-Landaverde*, 428 F. App'x at 334; *Galo-Martinez*, 413 F. App'x at 696.

The government is right that our precedent makes this a straightforward case.[4] *Estrada-Trochez* is worth quoting at length:

> We hold that the notice sent to Appellant satisfies the requirements of constitutional due process. The INS mailed the notice of the deportation hearing to the last address that Estrada-Trochez provided to the INS. Estrada-Trochez did not receive this notice, however, because he had moved without informing the government of his change of address, as required by 8 U.S.C. § 1305. . . . Although the INS is certainly to blame for its abysmal handling of Estrada-Trochez's deportation, the ultimate fault lies with the Appellant for his failure to comply with a law that is essential to the administration of the INS. . . . Therefore, Estrada-

---

[4] As noted above, the BIA erroneously stated that the NTA was returned as "Attempted – Not Known." It was the notice of deportation that was returned. This is a harmless error because this mistaken characterization of the facts is at worst neutral and at best helps Romero-Ramirez's case—that the notice of hearing was returned as undeliverable (as the BIA thought) helps Romero-Ramirez's argument that he did not receive adequate notice of the hearing more than the actual facts, that only the notice of deportation was returned as undeliverable. In any event, Romero-Ramirez never argues that the NTA was not sent to the address he listed. He only argues that he did not receive it at that address because he had moved without informing the government. Thus, this factual error is harmless as it is not relevant to the contested legal issue of this case.

Trochez had a reasonable opportunity to be present at his deportation hearing and failed to attend without reasonable cause.

*Estrada-Trochez*, 66 F.3d at 736.

Thus, this court has already held that an alien has a reasonable opportunity to attend his deportation hearing even if he does not receive actual notice when the failure to receive notice is a result of his moving without complying with his statutory and regulatory duty to update his address with immigration officials.[5] *See Estrada-Trochez*, 66 F.3d at 736; *see also Galo-Martinez*, 413 F. App'x at 696; *Escobar-Landaverde*, 428 F. App'x at 334. Romero-Ramirez's arguments seeking to avoid the conclusion that *Estrada-Trochez* controls in his case are not persuasive.

Romero-Ramirez does not dispute that notice was sent to his last known address. Instead, he argues that he never actually received the notice because he moved without informing the government and did not know of his obligation to inform the government of his current address. This circuit has never held that, under former § 1252(b), an OSC is required to advise an alien of his obligation to keep the government informed of his current address. *Compare Estrada-Trochez*, 66 F.3d at 736 ("[T]he ultimate fault lies with the Appellant for his failure to comply with a law that is essential to the administration of the INS.") *and Escobar-Landaverde*, 428 F. App'x at 333 (Section 1252(b) did not "require that immigration officials notify aliens of their obligation to update their addresses"), *with Urbina-Osejo*, 124 F.3d at 1317 ("We conclude that there is reasonable cause for failure to appear when an alien has not received notice of the time and place of the hearing due to a change of address,

---

[5] It is not clear from the facts of *Estrada-Trochez* if the alien was informed of his obligation to update his address through an OSC or orally and the court did not seem to consider this relevant to the inquiry. Furthermore, in *Escobar-Landaverde*, we explicitly held that § 1252(b) does not "require that immigration officials notify aliens of their obligation to update their addresses." 428 F. App'x at 333.

and the alien was not informed of a requirement to advise the INS of any change of address.").[6] Unlike the Ninth Circuit's *Urbina-Osejo* holding that Romero-Ramirez primarily relies upon, in the Fifth Circuit, under former § 1252(b), the alien has the sole responsibility to keep the government informed of his current address and the government's failure to inform the alien of this obligation does not constitute reasonable cause for failure to attend. *See Estrada-Trochez*, 66 F.3d at 736 ("[T]he ultimate fault lies with the Appellant."); *Galo-Martinez*, 413 F. App'x at 697 ("Galo-Martinez's alleged failure to receive actual notice of the deportation hearing was due to circumstances of his own making.").

Romero-Ramirez's lack of actual notice was his own fault—he knew of the pending deportation hearing but made no attempt to update immigration authorities of his changed address or inquire about the specific date and time of the hearing.[7] Therefore, *Estrada-Trochez* controls and the BIA did not abuse its discretion in denying Romero-Ramirez's motion to reopen.

---

[6] Indeed, the concurrence/dissent in *Urbina-Osejo* notes that the majority's holding contravenes the Fifth Circuit's holding in *Estrada-Trochez*, as well as other circuits' decisions. *See Urbina-Osejo*, 124 F.3d at 1320 (Rymer, J., concurring in part, dissenting in part).

[7] Romero-Ramirez also places great weight on the fact that the BIA effectively rejected his affidavit without addressing its credibility. Such arguments have no bearing on the outcome of this case. The cases he cites all involve situations where the alien disputes that delivery to the last known address was properly executed—"[T]he alien's statement that he or she did not receive the correspondence is sufficient evidence that mail delivery failed." *Settin v. Gonzales*, 171 F. App'x 436, 437 (5th Cir. 2006). Romero-Ramirez never argues that delivery *failed* and he explicitly states in his brief that this is not a case of improper delivery. Rather he concedes that he did not receive the NTA because he moved and makes the legal argument that this was reasonable cause for his failure to appear. The IJ and BIA concluded as a legal matter that an alien's failure to receive notice because he has moved without informing the government is not reasonable cause for missing his hearing.

No. 18-60098

IV.

Because we hold that the Board acted within its discretion, its denial of Romero-Ramirez's motion to reopen his deportation proceeding is AFFIRMED.