# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60116

MARTIN TORRES HERNANDEZ,

United States Court of Appeals
Fifth Circuit

**FILED**

June 8, 2016

Lyle W. Cayce
Clerk

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals

Before WIENER, PRADO, and OWEN, Circuit Judges.

WIENER, Circuit Judge:

Petitioner Torres Hernandez was ordered removed *in abstentia* on January 13, 2010. He filed a motion to reopen on the basis that he was unaware that a notice to appear had been issued years earlier and he never received a notice of a hearing. The Board of Immigration Appeals ("BIA") affirmed the decision of the Immigration Judge ("IJ") denying the motion. We grant the petition for review and remand for further consideration.

No. 15-60116

## I.

## FACTS AND PROCEEDINGS

On October 14, 2009, the Department of Homeland Security ("DHS") issued a Notice to Appear ("NTA") alleging that Torres Hernandez, a native and citizen of Mexico who entered the United States as an immigrant, had been convicted in Texas state court of cocaine possession in 1993. The NTA charged that Torres Hernandez was removable as an alien convicted of a controlled substance offense and ordered him to appear for an immigration hearing at a time to be set later. The certificate of service indicates that the NTA was served on Torres Hernandez via regular mail, addressed to "547 Beaver Bend, Houston, Texas 77037."

Two weeks later, on October 29, 2009, the immigration court sent Torres Hernandez a hearing notice, again via regular mail, notifying him that his hearing would take place on January 13, 2010. The hearing notice was sent to the same mailing address for Torres Hernandez as was the NTA. After Torres Hernandez failed to appear for his immigration hearing, the IJ ordered him removed to Mexico for reasons set forth in the NTA.

Approximately three years later, in January 2014, Torres Hernandez, through counsel, filed a motion to reopen. He asserted in his motion and in a supporting affidavit that he was unaware that a NTA had been issued and that he never received notice that he was to appear before the IJ. In his affidavit, dated January 18, 2013, Torres Hernandez swore:

2. "Approximately one year ago, ICE officers went to look for me at my sister's house. That is how I found out that I had immigration problems."

3. "I went to the offices of Manuel Solis, who filed a FOIA on my behalf and learned that I had been ordered deported in January 2010."

2

No. 15-60116

> 4. "I never received notice that I was in any kind of trouble with the immigration authorities, or that I was supposed to appear before the immigration judge."

Torres Hernandez also submitted a change of address form with his motion to reopen. He stated that his "old address" was "547 Beaver Bend, Houston, Texas," and provided a new address of "1411 Euel, Houston, Texas 77009." The IJ denied the motion to reopen, stating that "notice of the hearing was provided and no application for relief is provided."

Torres Hernandez appealed to the BIA, claiming that he did not receive notice of the hearing, he had been under no obligation to provide his address to the immigration court, and the IJ's conclusions were cursory. The BIA observed that the record showed that the NTA was served on Torres Hernandez by regular mail. The BIA further observed that the notice of hearing was sent by regular mail two weeks later to the same address, and there was no indication it was returned. Citing *Joshi v. Ashcroft*,[1] the BIA found that the only evidence Torres Hernandez offered to support his absence from the hearing was his "uncorroborated assertion" that he did not receive notice. The BIA concluded that this evidence was insufficient to overcome the presumption of receipt for notice sent by regular mail.

Addressing the IJ's statement that Torres Hernandez had not provided an application for relief with his motion to reopen, the BIA pointed out that there is no requirement that a motion to reopen seeking rescission of an *in absentia* removal order also show eligibility for separate relief from removal. Nonetheless, because the BIA agreed with the IJ's determination that Torres Hernandez presented insufficient evidence to rebut the presumption of receipt

---

[1] 389 F.3d 732, 735 (7th Cir. 2004).

No. 15-60116

of the NTA and the hearing notice, sent via regular mail, the BIA dismissed the appeal. Torres Hernandez timely petitioned for review.[2]

## II.

## DISCUSSION

Torres Hernandez contends that the BIA abused its discretion in determining that his affidavit stating that he did not receive notice of the hearing failed to rebut the presumption that he did receive notice.

### A.

This court reviews only the BIA's decision unless the underlying decision of the IJ influenced the determination of the BIA.[3] The denial of a motion to reopen is reviewed under a "highly deferential abuse-of-discretion standard, regardless of the basis of the alien's request for relief."[4] "[T]his court must affirm the BIA's decision as long as it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach."[5] "The BIA's factual findings are reviewed under the substantial-evidence test, meaning that this court may not overturn the BIA's factual findings unless the evidence compels a contrary conclusion."[6]

### B.

A NTA and a notice of removal proceedings should be personally served on the alien, but may be mailed to the alien or his attorney when personal service is not practicable.[7] Any alien who fails to appear at a removal proceeding "shall be ordered removed in abstentia," provided that the

---

[2] *See* 8 U.S.C. § 1252(b)(1).

[3] *See Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 348 (5th Cir. 2002).

[4] *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).

[5] *Id.*

[6] *Id.*

[7] *See* 8 U.S.C. § 1229(a)(1), (2).

government shows by "clear, unequivocal, and convincing evidence" that the alien is removable and that the he or his attorney, was provided written notice.[8] The notice requirement "is satisfied if proper notice is provided at the most recent mailing address provided by the alien."[9] To rescind the order of removal and reopen the proceedings after 180 days, Torres Hernandez was required to demonstrate that he did not receive notice.[10]

In the instant case, the NTA and the hearing notice indicate that the manner of service was regular mail. The presumption of valid service via regular mail is weaker than that for service via certified mail. In *Maknojiya v. Gonzales*, this court explained that when the immigration court uses certified mail to accomplish the required service of a hearing notice, "a strong presumption of effective service arises that may be overcome only by the affirmative defense of nondelivery or improper delivery by the Postal Service."[11] In contrast, when service is furnished via regular mail, an alien's statement in an affidavit that is without evidentiary flaw may be sufficient to rebut the presumption of effective service.[12]

In *Maknojiya*, the alien insisted that he did not receive notice of the hearing and petitioned this court for review of the denial of his motion to reopen.[13] The alien and his attorney conceded that they received notice of the date and time for which the immigration hearing was originally set, but both stated in affidavits that they did not receive a second hearing notice that was served via regular mail, which reset the immigration hearing for an earlier

---

[8] *See* 8 U.S.C. § 1229a(b)(5)(A).

[9] *Gomez-Palacios*, 560 F.3d at 358.

[10] *See* 8 U.S.C. § 1229a(B)(5)(C)(ii).

[11] 432 F.3d 588, 589 (5th Cir. 2005).

[12] *Id.* at 589–90.

[13] *Id.* at 588.

date.[14] When the alien arrived for the hearing on the original date, he was advised that a removal order had been entered against him *in abstentia*.[15] This court observed, inter alia, that although the IJ characterized the affidavits as self-serving, the IJ did not find any evidentiary flaw in them.[16] This court further noted the lack of evidence that the alien was attempting to avoid immigration proceedings.[17] Observing that, in the case of failed delivery by mail, the only proof is the alien's statement that he or she did not receive notice, this court granted the alien's petition for review and remanded the matter to the BIA.[18]

In *Settim v. Gonzales*, an unpublished opinion, this court categorized *Maknojiya* as standing for the rule that "[w]here the correspondence is sent by regular mail, and where there is no other evidence that the petitioner was attempting to avoid the proceedings, the petitioner's statement that he or she did not receive the correspondence is sufficient evidence that mail delivery failed."[19] In *Settim*, this court held that the BIA abused its discretion when it denied a motion to reopen on the basis of lack of notice after the petitioner submitted affidavits stating that she did not receive the notice of hearing and the record contained no evidence indicating that she was attempting to evade the proceedings.[20] None of this is to say, however, that the BIA should not

---

[14] *Id.* at 589–90.

[15] *Id.*

[16] *Id.* at 590.

[17] *Id.*

[18] *Id.* In *Maknojiya*, we relied on the Eight Circuit's opinion in *Ghounem v. Ashcroft*, which explained that "[i]n the common case of failed delivery through regular mail, [other] types of evidence do not exist." 378 F.3d at 744. For that reason, the court in *Ghounem* rejected a standard under which a "bald and unsupported denial of receipt of certified mail notices is not sufficient to support a motion to reopen" for lack of notice. *Id.* (quoting *Matter of Grijalva*, 21 I&N Dec. 27, 37 (B.I.A. 1995)). That standard "would leave respondents virtually without recourse to rebut the presumption of effective delivery." *Id.*

[19] 171 F. App'x 436, 437 (5th Cir. 2006) (Clement, J.) (unpublished) (citing *Maknojiya*, 432 F.3d at 590).

[20] *Id.* at 437–38.

weigh the credibility of an affidavit in determining whether an alien has rebutted the presumption of notice. To the contrary, it should.[21]

Here, as in *Maknojiya*, Torres Hernandez submitted an affidavit stating that he did not receive notice of the hearing. In relevant part, his affidavit states:

> 2. "Approximately one year ago, ICE officers went to look for me at my sister's house. That is how I found out that I had immigration problems."
>
> 3. "I went to the offices of Manuel Solis, who filed a FOIA on my behalf and learned that I had been ordered deported in January 2010."
>
> 4. "I never received notice that I was in any kind of trouble with the immigration authorities, or that I was supposed to appear before the immigration judge."

The BIA concluded that "[t]he only evidence presented to explain the respondent's absence is the respondent's uncorroborated assertion: 'I never received notice that I was in any kind of trouble with the immigration authorities, or that I was supposed to appear before the immigration judge.'" It noted further that Torres Hernandez "literally provides no more explanation or information for [his] failure to appear at the . . . hearing." The BIA also noted that (1) the NTA was served by regular mail and Torres Hernandez did not expressly deny receiving that notice; and (2) the notice of hearing was sent two

---

[21] *See Rodriguez-Reyes v. Holder*, 565 F. App'x 310, 310–11 (5th Cir. 2014) (unpublished) ("Rodriguez-Reyes also asserts that the IJ and BIA erred by failing to accept the truth of the affidavit she presented in support of her motion to reopen. We do not require immigration courts to assume the credibility of such an affidavit."); *Barahona-Cardona v. Holder*, 417 F. App'x 397, 399 (5th Cir. 2011) (recognizing that "the IJ was not required to find that Barahona's affidavit was credible"); *Guerrero-Arias v. Holder*, 423 F. App'x 358, 360 (5th Cir. 2011) (unpublished) ("The BIA was not required to find either Guerrero's affidavit or the affidavit of the aunt to be credible.").

weeks later by regular mail to the same address as the NTA and there is no indication that it was returned.

Although the BIA properly considered the credibility of Torres Hernandez's claim that he did not receive notice, it failed to address other record evidence that might have weighed in favor of his claim that he did not receive notice. This is contrary to the BIA's own precedent, which instructs that "all relevant evidence submitted to overcome the weaker presumption of delivery must be considered."[22]

The BIA completely ignored Torres Hernandez's explanation of how he learned about the *in abstentia* deportation order. In his affidavit, he explained that after ICE officers looked for him at his sister's house in 2013, he hired an attorney to file a Freedom of Information Act ("FOIA") request which revealed that the *in abstentia* deportation order had issued back in January 2010. In *Santana Gonzalez v. Attorney General of U.S.*, the Third Circuit recognized that an alien's efforts to hire counsel to "inquire as to her immigration status" and to file a FOIA request constitute circumstantial evidence that might suffice to rebut the presumption of notice.[23] Here, the BIA should have considered Torres Hernandez's complete explanation as to how and when he learned of his immigration troubles and the actions he took to resolve them. Torres Hernandez's hiring an attorney to file a FOIA request so as to learn about his immigration status provides circumstantial evidence that Torres Hernandez did not receive the 2009 notice of hearing. The BIA's categorization of Torres Hernandez's statement that he did not receive notice as the *only* evidence confirms that it did not consider this evidence.

---

[22] *Matter of M-R-A-*, 24 I.&N. Dec. 665, 674 (B.I.A. 2008).

[23] 506 F.3d 274, 281 (3d Cir. 2007) ("Petitioner also took affirmative action to have her counsel inquire as to her immigration status. It was only after her counsel investigated her status that she learned that an *in abstentia* order had been issued removing her.").

No. 15-60116

The BIA likewise failed to acknowledge that Torres Hernandez had filed a change of address form with his motion to reopen. Although the Respondent relies on this change of address form as evidence that Torres Hernandez lived at the address to which the NTA and notice of hearing were directed, it is also relevant for another purpose. In *Lopes v. Gonzales*, the Second Circuit recognized that an alien's prompt provision of a change of address form is some evidence that the alien "is not an absconder," which weighed in favor of the alien's claim of non-receipt of notice.[24] Here, as in *Lopes*, Torres Hernandez filed a change of address form after learning of the *in abstentia* deportation order. This evidence also weighs in favor of Torres Hernandez's claim that he did not receive the original notice. Yet the BIA failed to consider this evidence for any purpose.

Finally, as in *Maknojiya*, "the record does not indicate that [Torres Hernandez] was attempting to avoid the immigration proceedings."[25] Nor did the BIA recognize any evidentiary flaw in Torres Hernadez's affidavit.[26]

The BIA did recognize that Torres Hernandez does not claim that he did not receive notice of the NTA, and then noted that the notice of hearing was sent to the same address and "there is no indication that it was returned." Although the lack of return provides some evidence weighing in favor of delivery, this court in *Maknojiya* confronted similar facts—the petitioner and his attorney had received the notice of hearing but claimed that neither had received the notice of change in the hearing to an earlier date—and still found

---

[24] 468 F.3d 81, 85–86 (2d Cir. 2006) ("[B]y promptly providing the INS with a change of address after he posted bond, he has done something to illustrate—again, at least arguably—that he is not an absconder.").

[25] 432 F.3d at 590.

[26] *See id.*

No. 15-60116

that the IJ had abused its discretion.[27] And, regardless, this explanation does not cure the BIA's failure to consider all of the relevant evidence.

Because the BIA concluded that Torres Hernandez failed to rebut the presumption of notice without considering all relevant evidence, it abused its discretion in denying Torres Hernandez's motion to reopen.[28] We express no opinion whether Torres Hernandez has rebutted the presumption of notice; instead, we remand to the BIA so that it may consider all relevant evidence offered by Torres Hernandez to rebut the presumption of notice.

## III.

## CONCLUSION

We grant the petition for review, vacate the decision of the BIA, and remand for further consideration consistent with this opinion.

---

[27] 432 F.3d at 589.

[28] *See Diaz-Resendez v. I.N.S.*, 960 F.2d 493, 495 (5th Cir. 1992).

10