# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60368
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

March 3, 2017

Lyle W. Cayce
Clerk

CARLOS ALEXI FRANCO-GUARDADO,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A079 964 762

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Carlos Alexi Franco-Guardado, a native and citizen of Honduras, petitions this court for review of the denial of his motion to reopen the in absentia removal proceedings. Denial of such motions is reviewed under "a highly deferential abuse-of-discretion standard." *Gomez-Palacios v. Holder,* 560 F.3d 354, 358 (5th Cir. 2009). The decision of the Board of Immigration Appeals (BIA) will be upheld "as long as it is not capricious, without foundation

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.*

Franco-Guardado argues that the BIA erred in concluding that he received notice of his September 2003 removal hearing.  An alien who fails to appear at a removal proceeding shall be ordered removed in absentia if the Government shows "by clear, unequivocal, and convincing evidence" that the alien is removable and that the alien, or his attorney, received written notice as required under 8 U.S.C. § 1229(a)(1) or (2).  8 U.S.C. § 1229a(b)(5)(A).  An in absentia removal order may be rescinded upon a motion to reopen filed at any time if the alien demonstrates that he did not receive notice in accordance with § 1229(a)(1) or (2).  § 1229a(b)(5)(C)(ii).

Service of notice by mail creates a rebuttable presumption that the notice was delivered and actually received by the person to whom it was addressed. *See Hernandez v. Lynch*, 825 F.3d 266, 269 (5th Cir. 2016); *Matter of M-R-A-*, 24 I. & N. Dec. 665, 672-73 (BIA 2008).  "The presumption of valid service via regular mail is weaker than that for service via certified mail."  *Hernandez*, 825 F.3d at 269; *see Matter of M-R-A-*, 24 I. & N. Dec. at 672-73.  In determining whether an alien has rebutted this weaker presumption, an immigration court must consider "'all relevant evidence submitted.'" *Hernandez*, 825 F.3d at 270 (quoting *Matter of M-R-A-*, 24 I. & N. Dec. at 674).

Although Franco-Guardado asserts that the BIA failed to consider that he had a strong incentive to appear at his September 2003 removal hearing, the record directly contradicts this assertion.  The BIA expressly found that Franco-Guardado's "complete absence of diligence strongly undermine[d] the credibility of [his] claim that he would have appeared for the scheduled hearing had he received the May 27, 2003, hearing notice."  In addition, Franco-Guardado's argument that "no notice to the obligor to deliver the alien was

ever received" is unsupported by any citation to the record and is not addressed in his affidavit.  Finally, to the extent that Franco-Guardado asserts that he requested a change of venue at his bond hearing to Newark, New Jersey, and that the immigration court allegedly granted this request, the BIA specifically noted that "this assertion [was] belied by [his] own affidavit."

Because the BIA did not fail to consider all relevant evidence, it did not abuse its discretion in denying Franco-Guardado's motion to reopen on this ground.  *See Hernandez*, 825 F.3d at 270; *Gomez-Palacios*, 560 F.3d at 358.

Franco-Guardado next contends that the BIA erred in determining that he did not demonstrate a material change in country conditions in Honduras since his September 2003 removal hearing.  A motion to reopen is not subject to time and number limitations if the request for relief "is based on changed country conditions arising in the country of nationality . . . if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding."   § 1229a(c)(7)(C)(ii);  8  C.F.R. § 1003.23(b)(4)(i).

An alien seeking to reopen his removal proceedings based on changed country conditions must do more than show that present conditions in the relevant country are bad; he must submit evidence "compar[ing], in [a] meaningful way, the conditions existing when [he] filed [his] motion to reopen . . . with those at the time of [his]. . . removal hearing and how those general conditions relate to [his] specific claims."  *Ramos-Lopez v. Lynch*, 823 F.3d 1024, 1026 (5th Cir. 2016).  Because the documents submitted in support of Franco-Guardado's claim do not address the time frame that must be contrasted to determine whether country conditions have changed, Franco-Guardado has failed to show that there has been a material change in country conditions in Honduras since his September 2003 removal hearing.  *See id.*

No. 15-60368

Thus, the BIA did not abuse its discretion in ruling that Franco-Guardado failed to establish a material change in country conditions sufficient to warrant consideration of his untimely motion to reopen.  *See id*.; *Gomez-Palacios,* 560 F.3d at 358.  Based on the foregoing, we need not reach Franco-Guardado's remaining arguments regarding whether he established prima facie eligibility for relief from removal.

Franco-Guardado's petition for review is DENIED.