# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60838
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 14, 2017

Lyle W. Cayce
Clerk

JORGE ARMANDO SANIC-LOPEZ,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 680 981

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jorge Armando Sanic-Lopez, a native and citizen of Guatemala, petitions this court to review the denial of his motion to reopen in absentia removal proceedings. Sanic-Lopez argues that the Board of Immigration Appeals (BIA) abused its discretion in affirming the denial of his motion to reopen because the immigration judge (IJ) failed to consider the affidavits he offered to rebut the presumption of proper notice. He further argues that the BIA erred in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

refusing to reopen the removal proceedings based on his failure to attach an application for asylum and withholding of removal.  Finally, he claims that the BIA's refusal to reopen the removal proceedings violated his right to due process.  We conclude that the BIA did not abuse its discretion in denying Sanic-Lopez's motion to reopen.  *See Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).

Despite Sanic-Lopez's claim to the contrary, the IJ considered the affidavits offered to rebut the presumption of valid service, but found that Sanic-Lopez's affidavit suffered from evidentiary flaws.  Immigration courts have an obligation to "weigh the credibility of an affidavit in determining whether an alien has rebutted the presumption of notice." *Hernandez v. Lynch*, 825 F.3d 266, 270 n.21 (5th Cir. 2016).

The IJ noted contradictions between Sanic-Lopez's affidavit and his housemate's affidavit.  For example, Sanic-Lopez stated that he was primarily responsible for receiving mail at the address given to immigration officials, but his housemate stated in her affidavit that she "g[o]t the mail daily."  The IJ also noted that, unlike his housemate's affidavit, Sanic-Lopez's affidavit did not have a Spanish original, and it appeared to have been prepared by his attorney for purposes of the motion to reopen.  As such, the IJ concluded that the affidavit was not a "genuine statement" from Sanic-Lopez.

Sanic-Lopez also offered no evidence of changed country conditions in Guatemala.  Though his failure to demonstrate changed country conditions was a sufficient basis for denying the motion to reopen, the IJ and the BIA also pointed to Sanic-Lopez's failure to submit an application for asylum and withholding of removal.  Sanic-Lopez argues that the BIA erred in requiring that eligibility be shown through a prepared I-589 application.  He contends that his claimed fear of persecution in Guatemala on account of his

No. 16-60838

homosexuality is sufficient to satisfy his burden.  Sanic-Lopez is incorrect. A motion to reopen "must be accompanied by the appropriate application for relief and all supporting documentation."  8 C.F.R. § 1003.2(c)(1).

Finally, Sanic-Lopez argues that the BIA's refusal to reopen the removal proceedings violated his right to due process because "he was never given a meaningful opportunity to present his claim for relief from removal."  The BIA did not violate his due process rights because "there is no liberty interest at stake in a motion to reopen due to the discretionary nature of the relief sought". *Gomez-Palacios*, 560 F.3d at 361 n.2.

The petition for review is DENIED.