# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60207

LETICIA MOGOLLAN-PASTEN,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

United States Court of Appeals
Fifth Circuit

**FILED**
September 7, 2018

Lyle W. Cayce
Clerk

Petition for Review of an Order of
the Board of Immigration Appeals
BIA No. A072 210 826

Before STEWART, Chief Judge, and WIENER and HIGGINSON, Circuit
Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

Leticia Mogollan-Pasten is a native and citizen of Mexico. She sought
entry into the United States on November 29, 1992, claiming to be a United
States Citizen. She lacked valid entry documents, however, and was detained
for being possibly excludable as either an alien seeking admission by means of
fraud or as an alien seeking admission without valid entry documents. *See* 8

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 17-60207

U.S.C. §§ 1182(a)(6)(C) & (7)(A).  In an interview later that day, she admitted to being a Mexican citizen and to falsely claiming United States citizenship. The Immigration and Naturalization Service ("INS") immediately charged Mogollan-Pasten as being excludable and issued her a Form I-122, "Notice to Applicant for Admission Detained for Hearing before an Immigration Judge." The notice informed Mogollan-Pasten that a hearing "will be scheduled" and that "[i]t is understood that you want the notice of hearing to be sent to you at the following address:  1615 Calle Licenciado Soto y Gama, Col. Francisco I. Madero, Juarez, Chih. Mexico."  She was then permitted to return to Mexico to await notification of her hearing.

The next day, November 30, 1992, Mogollan-Pasten reentered the United States without inspection.  Ten days later, on December 10, 1992, the Immigration Court mailed a Notice of Hearing to Mogollan-Pasten at the address she had provided, informing her that a hearing had been scheduled for January 21, 1993.  On December 21, 1992, the notice was returned to the Immigration Court with a handwritten note on the envelope appearing to state:  "No hay el numero que cita," or "There is not the number you cite." Mogollan-Pasten did not appear at the hearing on January 21, and was found deportable by the Immigration Judge ("IJ") and ordered excluded in absentia on January 25, 1993.

On September 28, 2016, Mogollan-Pasten filed with the Immigration Court a motion to reopen her exclusion proceedings and rescind the in absentia exclusion and deportation order.  She argued that reopening the proceedings and rescinding the order were appropriate because she had not received notice of the hearing.  *See* 8 U.S.C. § 1229a(b)(5)(C)(ii).  Her motion explained that while she had reentered the United States on November 30, 1992, her family remained at the address she had provided and yet never received notice of the hearing.  The IJ denied the motion, concluding that Mogollan-Pasten had failed

2

to support her claims with relevant evidence and therefore failed to rebut the presumption of effective service.[1] Mogollan-Pasten appealed to the Board of Immigration Appeals ("BIA"). The BIA dismissed the appeal, concluding that Mogollan-Pasten had "not provided any evidence establishing that she was able to receive mail at the address that she provided."

We review the denial of a motion to reopen under "a highly deferential abuse-of-discretion standard." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). We, therefore, "must affirm the BIA's decision as long as it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.* We review factual findings under the substantial-evidence test, deferring to the BIA's factual findings "unless the evidence compels a contrary conclusion." *Id.*

When a Notice of Hearing is properly addressed and sent by regular mail according to normal post office procedures, there is a "weak[]" presumption that the notice was received. *Matter of M-R-A-*, 24 I. & N. Dec. 665, 673 (BIA 2008); *see also Hernandez v. Lynch*, 825 F.3d 266, 269 (5th Cir. 2016) ("The presumption of valid service via regular mail is weaker than that for service via certified mail."). However, even where it is undisputed that the notice was not actually received, an in absentia removal order should not be rescinded when the lack of notice was due to the alien's failure to provide the immigration court with an accurate and up-to-date mailing address. *See Gomez-Palacios*, 560 F.3d at 360–61. Accordingly, in *Gomez-Palacios*, we denied a petition for

---

[1] As noted by the IJ, where notice of an exclusion hearing was sent by certified mail, there is a presumption of effective service that may rebutted only by "substantial and probative" evidence. *Maknojiya v. Gonzales*, 432 F.3d 588, 589 (5th Cir. 2005) (quoting *Matter of Grijalva*, 21 I. & N. Dec. 27, 37–38 (BIA 1995)). But where, as here, notice of an exclusion hearing was sent by regular mail, the presumption of effective service is weaker. *See Matter of M-R-A-*, 24 I. & N. Dec. 665, 673 (BIA 2008).

review under similar circumstances where the Notice of Hearing "was mailed to the last address provided by Gomez-Palacios and returned to the immigration court stamped 'attempted, not known,'" but where Gomez-Palacios had failed to submit any record evidence "showing that the address provided to the immigration court was in fact his mailing address." *Id.* at 361.

Similarly, Mogollan-Pasten has failed to submit any record evidence that she was able to receive mail at the address she provided, that the address was accurate, or that her family continued to reside there. That failure is fatal to her claim. *See* 8 C.F.R. § 1003.23(b)(4)(iii)(B) ("A motion to reopen exclusion hearings on the basis that the Immigration Judge improperly entered an order of exclusion in absentia must be supported by evidence that the alien had reasonable cause for his failure to appear."). Mogollan-Pasten has not submitted any affidavits or other evidence supporting the arguments raised in her motion. She may not rely on arguments in pleadings alone. *See I.N.S. v. Phinpathya*, 464 U.S. 183, 188 n.6 (1984). Under the circumstances, we cannot say that the BIA abused its discretion.

For the foregoing reasons, the petition for review is DENIED.

4