# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 17-60717
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

September 27, 2018

Lyle W. Cayce
Clerk

JOSE MEDARDO VASQUEZ-ROSAS,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

————

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 375 322

————

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Jose Medardo Vasquez-Rosas petitions for review of the Board of Immigration Appeals' (BIA) dismissal of his appeal from the Immigration Judge's (IJ) order denying his motion to reopen and rescind his *in absentia* removal order, in which he asserted that he had not received notice of his removal proceedings. We review the BIA's decision under a deferential abuse of discretion standard, overturning only if it was "capricious, racially invidious,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 203 (5th Cir. 2017) (internal quotation marks and citation omitted).

Vasquez-Rosas contends that the BIA erred as a matter of law in denying his motion to reopen because he established that he had not received notice of his removal hearing.  He contends that the BIA ignored relevant caselaw and relied on improper factors in determining that he had not rebutted the presumption of effective service applicable when notice is sent via regular mail.

Substantial evidence supports the BIA's determination that the Notice of Hearing (NOH) was served on Vasquez-Rosas via regular mail to both the initial address and the updated address he provided to the immigration court. *See Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994).  Thus, a presumption of effective service applies, albeit a weaker presumption than that applicable to service by certified mail.  *See* 8 U.S.C. §§ 1229(a)(2), 1229(c), 1229a(b)(5)(A); *see also Hernandez v. Lynch*, 825 F.3d 266, 269 (5th Cir. 2016); *Matter of M-R-A-*, 24 I. & N. Dec. 665, 672-73 (BIA 2008).  Although Vasquez-Rosas contends that his own statement denying effective service was alone sufficient to overcome that weaker presumption, the contention lacks merit because, as the IJ noted, his statement denying service was not made under penalty of perjury. *See Hernandez*, 825 F.3d at 269.

Contrary to Vasquez-Rosas's arguments, the record establishes that the BIA and IJ relied on proper factors in concluding that he otherwise failed to rebut the presumption of effective service, including his failure to provide third-party affidavits from other persons knowledgeable about the facts relevant to service, specifically, the residents at the addresses to which the NOH was mailed.  *See Matter of M-R-A-*, 24 I. & N. Dec. at 674.  The BIA and

No. 17-60717

IJ also properly considered the fact that there was no evidence that the NOH had been returned as undeliverable from either mailing address provided by Vasquez-Rosas, as well as the fact that, although Vasquez-Rosas acted with diligence after discovering the *in absentia* removal order, he had not inquired about the status of his case in the three years following his release from detention and had no pending application for relief at the time of the removal hearing which would have provided him with an incentive to appear. *See Hernandez*, 825 F.3d at 271; *Matter of M-R-A-*, 24 I. & N. Dec. at 674.

Vasquez-Rosas has not demonstrated that the BIA's denial of his motion to reopen constituted an abuse of discretion. *Hernandez-Castillo*, 875 F.3d at 203. Accordingly, the petition for review is DENIED.