# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60629
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 1, 2018

Lyle W. Cayce
Clerk

ERIKA JISELA YANEZ-PENA, also known as Erika Jisela Pena-Yanez,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 349 634

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Erika Jisela Yanez-Pena petitions for review of the Board of Immigration
Appeals' (BIA) dismissal of her appeal from the Immigration Judge's (IJ) order
denying her motion to reopen and rescind her *in absentia* removal order, in
which she asserted that she had not received notice of her removal proceedings.
We review the BIA's decision under a deferential abuse of discretion standard,
overturning only if it was not "capricious, without foundation in the evidence,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 17-60629

or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 203 (5th Cir. 2017) (internal quotation marks and citation omitted).

Yanez-Pena contends that the BIA erred as a matter of law and fact in denying her motion to reopen because she established that she had not received notice of her removal hearing.  She contends that the BIA ignored relevant caselaw and did not consider relevant factors in determining that she had not rebutted the presumption of effective service applicable when notice is sent via regular mail.

Substantial evidence supports the BIA's determination that the hearing notice was served on Yanez-Pena via regular mail to the admittedly correct address that she provided to the immigration court.  *See Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994).  Thus, a presumption of effective service applies, albeit a weaker presumption than that applicable to service by certified mail.  *See* 8 U.S.C. §§ 1229(a)(2), 1229(c), 1229a(b)(5)(A); *see also Hernandez v. Lynch*, 825 F.3d 266, 269 (5th Cir. 2016); *Matter of M-R-A-*, 24 I. & N. Dec. 665, 672-73 (BIA 2008).  Yanez-Pena contends that her affidavit and the affidavit of her brother denying receipt of the hearing notice were alone sufficient to overcome that presumption.  The IJ and BIA noted that two hearing notices and the *in absentia* removal order were mailed to her correct address and that none of those documents were returned as undeliverable, providing evidence that they were, in fact, delivered.  *See Hernandez*, 825 F.3d at 271.  The IJ correctly weighed the credibility of the affidavits, finding that their claims that they did not receive any of the three documents mailed to Yanez-Pena's address of record were implausible and therefore not credible.  *See Hernandez*, 825 F.3d at 270; 8 U.S.C. § 1158(b)(1)(B)(iii).  The record does not compel the conclusion that the affidavits were credible, and so under the substantial evidence

2

standard, this court may not reverse this factual determination. *Chun,* 40 F.3d at 78.

The record establishes that the BIA and IJ considered the proper factors, such as the fact that there was no evidence that the hearing notice had been returned as undeliverable. *See Matter of M-R-A-,* 24 I. & N. Dec. at 674. The only evidence presented on these factors by Yanez-Pena was her affidavit and that of her brother regarding no receipt of notice. The statements of her counsel regarding other factors in her motion to reopen and brief are not evidence. *See Skyline Corp. v. NLRB,* 613 F.2d 1328, 1337 (5th Cir. 1980) ("Statements by counsel in briefs are not evidence.").

The argument that the IJ ignored this court's decision in *Maknojiya v. Gonzales,* 432 F.3d 588 (5th Cir. 2005) lacks merit. In *Maknojiya,* we remanded to the BIA because the IJ incorrectly applied the certified mail presumption of delivery standard to a hearing notice sent by regular mail and disregarded affidavits from the alien and his counsel. 432 F.3d at 589-90. In Yanez-Pena's case, the IJ and the BIA applied the correct presumption of delivery for regular mail, and they considered the affidavits from Yanez-Pena and her brother, concluding that they were not credible.

Yanez-Pena has not demonstrated that the BIA's denial of her motion to reopen constituted an abuse of discretion. *Hernandez-Castillo,* 875 F.3d at 203. Accordingly, the petition for review is DENIED.

Yanez-Pena, by a petition for review timely received in this court on January 18, 2018, also seeks review of the BIA's denial of her motion to reconsider. The BIA did not abuse its discretion by denying her motion to reconsider. *See Zhao v. Gonzales,* 404 F.3d 295, 301 (5th Cir. 2005). Accordingly, the second petition for review is DENIED.