# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-60173
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 13, 2019

Lyle W. Cayce
Clerk

SELVIN EDUARDO MALDONADO-SERRANO,

Petitioner

v.

MATTHEW G. WHITAKER, ACTING U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A078 971 918

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Selvin Eduardo Maldonado-Serrano petitions for review of a decision of the Board of Immigration Appeals (BIA). He challenges the denial of a motion to rescind and reopen an *in absentia* removal order. Maldonado-Serrano argues that the BIA and Immigration Judge (IJ) erroneously rejected his claim that he did not receive notice of his immigration proceedings. According to Maldonado-Serrano, the BIA and IJ misapplied the governing law and entered

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60173

erroneous factual findings.  Maldonado-Serrano also has filed a motion for a stay pending a decision from the BIA on another motion to reopen, wherein he argued he is now eligible for cancellation of removal, in light of *Pereira v. Sessions*, 138 S. Ct. 2105 (2018).

We review the final decision of the BIA and also will review the IJ's ruling insofar as it affected the BIA's decision.  *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007).  The BIA's legal conclusions are reviewed de novo "unless a conclusion embodies [the BIA's] interpretation of an ambiguous provision of a statute that it administers," in which case *Chevron*[1] deference is required. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012) (internal quotation marks and citation omitted).  We review findings of fact for substantial evidence.  *Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013).  We review the BIA's denial of a motion to reopen under the "highly deferential" abuse of discretion standard.  *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).

The BIA applies a "[weaker] presumption of receipt to a Notice to Appear or Notice of Hearing sent by regular mail when the notice was properly addressed and mailed according to normal office procedures." *Matter of M-R-A*, 24 I. & N. Dec. 665, 673 (BIA 2008).  "[W]hen service is furnished via regular mail, an alien's statement in an affidavit that is without evidentiary flaw may be sufficient to rebut the presumption of effective service."  *Torres Hernandez v. Lynch*, 825 F.3d 266, 269 (5th Cir. 2016); *see also Maknojiya v. Gonzales*, 432 F.3d 588 (5th Cir. 2005).  Even so, in making this determination, the BIA should consider the credibility of the alien's affidavit and other record evidence. *See Torres Hernandez*, 825 F.3d at 269-70 & n.21.

---

[1] *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842 (1984).

No. 18-60173

The BIA did not abuse its discretion in rejecting Maldonado-Serrano's notice-based claim.[2] We give deference to the BIA's reliance on inconsistencies in Maldonado-Serrano's affidavit. *See Sharma*, 729 F.3d at 411; *Magdaleno de Morales v. INS*, 116 F.3d 145, 147 (5th Cir. 1997); *cf. Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002) ("We give great deference to an immigration judge's decisions concerning an alien's credibility."). In light of this deference, despite Maldonado-Serrano's claim that the inconsistencies were immaterial, the BIA did not abuse its discretion in its consideration of Maldonado-Serrano's affidavit. *See Torres Hernandez*, 825 F.3d at 269-70 and n.21; *Sharma*, 729 F.3d at 411; *Gomez-Palacios*, 560 F.3d at 358. Also, contrary to what Maldonado-Serrano argues, the BIA did not improperly focus on the mailing of the hearing notice instead of Maldonado-Serrano's receipt of the notice. Likewise, the BIA did not ignore the change of address form that Maldonado-Serrano submitted with his motion to reopen but rather considered it in a way that was not arbitrary or capricious. *See Torres Hernandez*, 825 F.3d at 271; *Gomez-Palacios*, 560 F.3d at 358. Finally, despite Maldonado-Serrano's argument that he did not learn of the *in absentia* order until his U.S.-citizen wife filed an I-130 immigration petition on his behalf in 2012, the BIA did not abuse its discretion in concluding that Maldonado-Serrano was not diligent in waiting 14 years after receiving personal service of the Notice to Appear before

---

[2] Although not briefed by the parties, the BIA erred insofar as it stated that Maldonado-Serrano "must establish that his failure to appear was because of exceptional circumstances." It is inaccurate to suggest that Maldonado-Serrano only could seek the rescission of his *in absentia* order under 8 U.S.C. § 1229a(b)(5)(C)(i) (claims based on exceptional circumstances) because he also was entitled to seek rescission under subsection (b)(5)(C)(ii) (claims based on notice). However, the BIA's discrete misstatement of law was harmless because its analysis of Maldonado-Serrano's notice arguments throughout its opinion shows that it considered his claims under the proper framework of whether his notice was effective. *See Enriquez-Gutierrez v. Holder*, 612 F.3d 400, 407 (5th Cir. 2010).

filing the motion to reopen. *See Mauricio-Benitez v. Sessions*, 908 F.3d 144, 150 (5th Cir. 2018); *Torres Hernandez*, 825 F.3d at 270.

Therefore, we DENY the petition for review. We also DENY Maldonado-Serrano's motion for a stay.