# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-60523
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 5, 2019

Lyle W. Cayce
Clerk

OLAYO CASTILLO-CARBALLO,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A077 793 267

Before BARKSDALE, ELROD, and HO, Circuit Judges.

PER CURIAM:*

Olayo Castillo-Carballo, a native and citizen of Honduras, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial by an Immigration Judge (IJ) of his motion to reopen and rescind a March 2000 *in absentia* removal order. Castillo contends the BIA and IJ ignored the applicable precedential decisions of our court and

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-60523

erroneously rejected his claim he did not receive notice of his immigration proceedings.

We review the final decision of the BIA and, as in this instance, will also review the IJ's ruling insofar as it affected the BIA's decision. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). "Motions to reopen removal proceedings are disfavored, and we review BIA denials of these motions under a 'highly deferential abuse-of-discretion standard.'" *Mauricio-Benitez v. Sessions*, 908 F.3d 144, 147 (5th Cir. 2018) (internal citations omitted), *petition for cert. filed*, (Feb. 6, 2019) (No.18-1055).

Under that standard, we must affirm the BIA's decision "[s]o long as [it] is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach". *Nunez v. Sessions*, 882 F.3d 499, 505 (5th Cir. 2018) (internal quotation marks and citation omitted). "We review the BIA's factual findings under the substantial-evidence standard, which means that we cannot reverse the BIA's factual determinations unless the evidence 'compels a contrary conclusion.'" *Id.* (citation omitted).

The BIA applies a "[weaker] presumption of receipt to a Notice to Appear or Notice of Hearing [(NOH)] sent by regular mail when the notice was properly addressed and mailed according to normal office procedures". *Matter of M-R-A-*, 24 I. & N. Dec. 665, 673 (BIA 2008). In determining whether petitioner has presented sufficient evidence to overcome this weaker presumption, "all relevant evidence submitted to overcome the weaker presumption of delivery must be considered". *Id.* at 674 (citation omitted). When service is furnished via regular mail, "an alien's statement in an affidavit that is without evidentiary flaw may be sufficient to rebut the presumption of effective service". *Hernandez v. Lynch,* 825 F.3d 266, 269 (5th Cir. 2016) (footnote

omitted).   Even if the alien submits an affidavit without evidentiary flaw, however, the BIA does not necessarily err in concluding the weaker presumption of delivery was not rebutted, so long as the BIA properly considered all the relevant evidence.  *See Mauricio-Benitez*, 908 F.3d at 150–51; *see also Matter of M-R-A-*, 24 I. & N. Dec. at 674.

Contrary to Castillo's contentions, the BIA did not improperly focus on the mailing of the hearing notice instead of Castillo's receipt of it.  *Hernandez*, 825 F.3d at 271 ("[T]he lack of return [of an NOH] provides some evidence weighing in favor of delivery".).  Nor did it err by failing to reopen the removal proceedings based solely upon the "only proof" of nondelivery, Castillo's affidavit.  *See Mauricio-Benitez*, 908 F.3d at 150 ("[T]he BIA did not err in concluding that the presumption of delivery was not rebutted by [the alien's] affidavit alone".).  The BIA considered all the relevant evidence and applied the correct legal standard; its determination Castillo "failed to rebut the presumption of delivery [by] regular mail was not 'irrational' or 'arbitrary'".  *See id*. at 150–51.

Castillo contends, for the first time in his petition that:  his notice to appear was defective for failing to specify a time or place for his immigration proceedings; and, in the light of *Pereira v. Sessions*, we should remand for further consideration.  138 S. Ct. 2105 (2018); *but see Mauricio-Benitez*, 908 F.3d at 148 n.1 (finding *Pereira*'s rule regarding cancellation of removal inapplicable to an alien's reopening proceedings).  As Castillo failed to raise before the BIA the assertion that the notice to appear was defective, our court lacks jurisdiction to review this contention on petition for review.  *See Nunez*, 882 F.3d at 505 n.2; *see also Omari v. Holder*, 562 F.3d 314, 318–19 (5th Cir. 2009).

DENIED IN PART and DISMISSED IN PART.