# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60673
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 29, 2019

Lyle W. Cayce
Clerk

JIMMY NOE RODRIGUEZ AUCEDA,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A077 530 638

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:*

Jimmy Noe Rodriguez Auceda, a native and citizen of Honduras, petitions this court for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the denial by an immigration judge (IJ) of his motion to reopen after an in absentia removal order. He argues that the BIA and IJ ignored the applicable precedential decisions of this court and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

erroneously determined that he had not rebutted the presumption of delivery afforded to the properly addressed and mailed notice of hearing.

Rodriguez Auceda argues, for the first time, that his notice to appear was defective for failing to specify a time or place for his removal hearing and, in light of *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), we should remand his case for further consideration. As Rodriguez Auceda failed to challenge the sufficiency of the notice to appear before the BIA, we lack jurisdiction to review his argument on petition for review. *See Nunez v. Sessions*, 882 F.3d 499, 505 n.2 (5th Cir. 2018). Even if we had jurisdiction, Rodriguez Auceda's argument would be foreclosed by our recent decision in *Pierre-Paul v. Barr*, 930 F.3d 684, 689 (5th Cir. 2019) (holding that a notice to appear is not defective as a charging document even if it omits the time or place of the initial hearing).

We review the final decision of the BIA and also will review the IJ's ruling insofar as it affected the BIA's decision. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). Motions to reopen removal proceedings are disfavored, and we thus review the BIA's denial of a motion to reopen "under a highly deferential abuse-of-discretion standard." *Mauricio-Benitez v. Sessions*, 908 F.3d 144, 147 (5th Cir. 2018) (internal quotation marks and citation omitted), *cert. denied*, 139 S. Ct. 2767 (2019). Under that standard, we must affirm the BIA's decision "[s]o long as [it] is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Nunez*, 882 F.3d at 505 (internal quotation marks and citation omitted). We review the BIA's factual findings using "the substantial-evidence standard, which means that we cannot reverse the BIA's factual determinations unless the evidence compels a contrary conclusion." *Id.* (internal quotation marks and citation omitted).

No. 18-60673

The BIA applies a "presumption of receipt to a Notice to Appear or Notice of Hearing sent by regular mail when the notice was properly addressed and mailed according to normal office procedures," although such presumption is weaker than that applied to documents sent by certified mail. *Matter of M-R-A-*, 24 I. & N. Dec. 665, 673 (BIA 2008). In determining whether the petitioner has presented sufficient evidence to overcome this weaker presumption, "all relevant evidence submitted to overcome the weaker presumption of delivery must be considered." *Id*. at 674. When service is furnished via regular mail, "an alien's statement in an affidavit that is without evidentiary flaw may be sufficient to rebut the presumption of effective service." *Hernandez v. Lynch,* 825 F.3d 266, 269 (5th Cir. 2016). However, even if the alien submits an affidavit without evidentiary flaw, the BIA does not necessarily err in concluding that the weaker presumption of delivery was not rebutted, so long as the BIA properly considered all of the relevant evidence. *See Mauricio-Benitez,* 908 F.3d at 150-51; *see also Matter of M-R-A-*, 24 I. & N. Dec. at 674.

Contrary to Rodriguez Auceda's arguments, the BIA did not ignore precedential decisions or err in failing to reopen the removal proceedings based solely upon the "only proof" of nondelivery, Rodriguez Auceda's affidavit. *See Mauricio-Benitez,* 908 F.3d at 150 ("[T]he BIA did not err in concluding that the presumption of delivery was not rebutted by [the alien's] affidavit alone."). The BIA considered all the relevant evidence and applied the correct legal standard; its determination that Rodriguez Auceda "failed to rebut the presumption of delivery of regular mail was not 'irrational' or 'arbitrary.'" *Id*. at 150-51.

Accordingly, Rodriguez Auceda's petition for review is DENIED IN PART and DISMISSED IN PART FOR LACK OF JURISDICTION.