# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 14, 2020

Lyle W. Cayce
Clerk

No. 18-60787
Summary Calendar

NILMA GOMES-DA SILVA,

Petitioner

v.

WILLIAM P. BARR, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A097 739 018

Before BARKSDALE, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Nilma Gomes-Da Silva, a native and citizen of Brazil, petitions for review of the Board of Immigration Appeals' (BIA) decision: dismissing her appeal of an Immigration Judge's (IJ) order denying her 2017 motion to reopen removal proceedings and rescind her *in absentia* removal order; and denying the request in her 2018 supplemental brief for that appeal to terminate proceedings for lack of jurisdiction. She asserts: the immigration court lacked

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

jurisdiction over her proceedings because her Notice to Appear (NTA) was defective; and the IJ and BIA improperly denied her motion to reopen, in which she contended she did not receive a later notice of hearing regarding her February, 2004, removal proceedings, and she established changed country conditions in Brazil for purposes of making an asylum, withholding-of-removal, or Convention Against Torture claim.

"In reviewing the denial of a motion to reopen, this court applies a highly deferential abuse-of-discretion standard, regardless of the basis of the alien's request for relief." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009) (citation omitted). "Accordingly, this court must affirm the BIA's decision as long as it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.* (citation omitted). In considering the BIA's decision (and the IJ's decision, to the extent it influenced the BIA), we review legal conclusions *de novo* and factual findings for substantial evidence, "meaning that this court may not overturn the BIA's factual findings unless the evidence compels a contrary conclusion". *Id.* (citations omitted).

Regarding jurisdiction, Gomes, citing *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), contends her NTA was defective, thereby depriving the immigration court of jurisdiction, because it did not state the date and time of her removal proceedings. Our court, however, has rejected this jurisdictional challenge and determined *Pereira* is limited to the context of the stop-time rule in removal proceedings. *See Pierre-Paul v. Barr*, 930 F.3d 684, 688–90 (5th Cir. 2019), *petition for cert. filed*, 88 U.S.L.W. 3212 (U.S. 16 Dec. 2019) (No. 19-779). Gomes' NTA was not defective because it detailed the nature of the removal proceedings, stated their legal basis, and warned about the possibility of *in absentia* removal; any alleged defect, moreover, would have been cured because

No. 18-60787

Gomes was issued a later notice of hearing that included the date and time of her removal proceedings. *See id.* at 690–91 (citations omitted).

Regarding her motion to reopen, Gomes asserts it was meritorious because she established that she did not receive this later notice of hearing. The record, however, supports the finding that the notice was sent to Gomes by regular mail, to an address she provided to the immigration court, at which service could be effectuated. And, although "the fact that notice was sent by regular mail to the last address provided by an alien does not necessarily establish that the alien has '*receive[d]*' the notice" for purposes of a motion to reopen, *see Gomez-Palacios*, 560 F.3d at 360 (alteration in original) (emphasis added) (citation omitted), Gomes did not rebut, with credible, relevant evidence, the presumption that she received the notice, *see Matter of M-R-A-*, 24 I. & N. Dec. 665, 673 (B.I.A. 2008) (finding notice of hearing sent by regular mail receives presumption of receipt, weaker than that afforded notice sent by certified mail, but that still requires petitioner provide sufficient evidence to overcome it for purposes of motion to reopen claiming notice's non-receipt). This is true notwithstanding that "[a]n inflexible and rigid application of the presumption of delivery is not appropriate when regular mail is the method of service". *Id.* at 674.

Specifically, to the extent Gomes asserts she did not receive the hearing notice because immigration officials sent the notice without including her apartment number, this contention fails. The record contains evidence, including documentation provided by Gomes and her husband, showing Gomes' address was adequate and complete without an apartment number.

Additionally, to the extent Gomes contends she did not receive the hearing notice, despite its containing a valid address, all relevant evidence submitted must be considered in assessing whether she has rebutted the

3

presumption of receipt. *See id.* at 673–74 (citation omitted). Relevant evidence may include, *inter alia*: an affidavit from the alien; affidavits from third parties with knowledge of whether notice was received; the alien's behavior after learning about her *in absentia* removal order and whether she exercised due diligence in trying to redress the situation; and any other evidence supporting a claim of non-receipt. *Id.* at 674.

Gomes submitted an affidavit; but, it included little detail about the circumstances surrounding her claimed failure to receive documents at the address she provided to immigration officials. And, although her filing a change-of-address form after the removal hearing weighs in favor of her claim of non-receipt, *see Hernandez v. Lynch*, 825 F.3d 266, 271 (5th Cir. 2016), the record does not compel a finding that she diligently sought to redress her situation. Similarly, to the extent she cites her husband's affidavit, and other materials related to *his* removal proceeding, the record does not compel the conclusion that those filings concern Gomes' receipt of her hearing notice in *this* matter. Finally, the lack of evidence showing Gomes' notice was returned as undeliverable also weighs against her non-receipt claim. *See Navarrete-Lopez v. Barr*, 919 F.3d 951, 954 (5th Cir.), *cert. denied*, 140 S. Ct. 228 (2019).

Finally, Gomes also contends her motion to reopen is meritorious because she showed that country conditions in Brazil materially changed since her removal order, entitling her to relief. But, to establish a material change in country conditions in Brazil that would warrant the BIA's reopening her removal proceedings, Gomes had to present material evidence that meaningfully compared conditions in Brazil at the time of the 2004 removal hearing to conditions at the time of the 2017 motion to reopen. *See Nunez v. Sessions*, 882 F.3d 499, 508–09 (5th Cir. 2018) (per curiam) (citations omitted). The article Gomes filed with her motion to reopen to demonstrate changed

conditions in Brazil offers no such information or comparison, and the record otherwise does not contain evidence as to the conditions in Brazil either at the time of the removal hearing or at the time of the motion to reopen.

DENIED.