# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 30, 2021

Lyle W. Cayce
Clerk

No. 20-60549
Summary Calendar

Gilmar Batista De Andrade,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A078 966 396

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

Gilmar Batista De Andrade, a native and citizen of Brazil, seeks review of a Board of Immigration Appeals (BIA) decision denying his motion to reopen. The petition for review is denied.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60549

This court reviews the denial of a motion to reopen under a highly deferential abuse-of-discretion standard. *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). The BIA's decision will be affirmed unless it is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.* at 303-04 (internal citation omitted).

An in absentia removal order may be rescinded and the proceedings reopened if the alien demonstrates that he did not receive written notice of the hearing. 8 U.S.C. § 1229a(b)(5)(C)(ii); 8 C.F.R. § 1003.23(b)(4)(ii). Written notice "is not required if an alien has failed to keep the immigration court apprised of his current mailing address." *Gomez-Palacios v. Holder*, 560 F.3d 354, 359 (5th Cir. 2009). The government "satisfies the notice requirement for obtaining a removal order when it gives proper notice at the most recent mailing address the alien provided." *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 204 (5th Cir. 2017). Batista De Andrade admits that he never provided his address to the immigration court. He does not dispute that he was personally served with a NTA advising him of his obligation to provide an address. This portion of the petition for review is denied. *Id.*

Regarding Batista De Andrade's credibility argument, the BIA must "weigh the credibility of an affidavit in determining whether an alien has rebutted the presumption of notice." *Hernandez v. Lynch*, 825 F.3d 266, 270 (5th Cir. 2016). Batista De Andrade signed a document stating that an address in Texas would be his mailing address, and he did not provide an explanation of how someone else could have provided it. Under these facts, "[a]ny reasonable adjudicator" would not be "compelled to conclude" that the affidavit was credible. 8 U.S.C. § 1252(b)(4)(B). This portion of the petition for review is denied.

The petition for review is DENIED.

2