# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 5, 2021

Lyle W. Cayce
Clerk

No. 19-60445

Melvin Antonio Martinez-Murillo,

*Petitioner*,

*versus*

Robert M. Wilkinson, Acting U.S. Attorney General,

*Respondent*.

Petition for Review of the Order of the
Board of Immigration Appeals
BIA No. A078 972 473

Before Higginbotham, Costa, and Oldham, *Circuit Judges*.
Per Curiam:[*]

Melvin Antonio Martinez-Murillo, a native and citizen of Honduras, petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of an immigration judge's ("IJ") denial of his motion to reopen his in absentia order of removal. He contends that the BIA

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

and IJ erred in finding that he was provided with proper notice of his removal proceedings. We deny his petition for review.

## I

Martinez-Murillo entered into the United States on February 13, 2002, where he was apprehended by U.S. authorities and served with a notice to appear ("NTA") charging him as removable from the United States pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). He was released on bond and went to reside at a Houston address, which he provided to the immigration court. Martinez-Murillo was served through counsel with a notice of hearing ("NOH") scheduling his hearing in Harlingen, Texas. Martinez-Murillo filed a motion to change venue to Houston, which was granted. According to Martinez-Murillo, no subsequent NOH ever arrived at his Houston address. He did not attend his hearing before the Houston immigration court where the IJ ordered him removed in absentia.

Twelve years later, Martinez-Murillo hired a lawyer and filed a Freedom of Information Act ("FOIA") request to obtain his immigration file whereupon he discovered the 2002 removal order. He then moved to reopen removal proceedings in 2017, arguing that he was not provided with requisite notice. The IJ denied Martinez-Murillo's motion. He appealed to the BIA. While his appeal was pending, the Supreme Court issued its opinion in *Pereira v. Sessions*,[1] and Martinez-Murillo filed a motion to remand for consideration of prima facie eligibility for cancellation of removal under 8 U.S.C. § 1229b(b) because his NTA did not state the time and place of his hearing. The BIA denied Martinez-Murillo's motion to remand and dismissed his appeal. Martinez-Murillo filed a petition for review. He argues the BIA erred in finding that he failed to overcome the presumption that he

---

[1] 138 S. Ct. 2105 (2018).

received the Houston NOH and that he was ineligible for cancellation of removal pursuant to *Pereira*.

## II

This Court applies "a highly deferential abuse-of-discretion standard in reviewing the denial of a motion to reopen removal proceedings."[2] We must affirm the BIA's decision so long as it is "not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary."[3] We review the BIA's conclusions of law de novo and its finding of facts for substantial evidence.[4] Under the substantial evidence standard, we will "not overturn the BIA's factual findings unless the evidence compels a contrary conclusion."[5]

## III

If a noncitizen fails to appear at a deportation hearing, and an IJ finds that notice was provided and removability established, the IJ must order the noncitizen removed in absentia.[6] When, as here, a motion to reopen is filed more than 180 days after the date of the order of removal, the in absentia removal order may only be rescinded if the noncitizen demonstrates that he did not receive notice in accordance with 8 U.S.C. § 1229(a)(1) or § 1229(a)(2).[7]

---

[2] *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 203 (5th Cir. 2017).

[3] *Id.* at 203-04.

[4] *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014).

[5] *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).

[6] 8 U.S.C. § 1229a(b)(5)(A).

[7] 8 U.S.C. § 1229a(b)(5)(C)(ii). A noncitizen may also argue that he was in federal or state custody, but that exception is not relevant here.

No. 19-60445

Martinez-Murillo contends that he never received the NOH mailed to his Houston address. There is a presumption that an NOH sent via mail is received by the addressee.[8] When the NOH is mailed by certified mail, the presumption of receipt is strong and may be overcome only by "substantial and probative evidence."[9] But the burden of proof for rebutting the presumption is weaker when the NOH was mailed by regular mail, as here.[10] To determine when a petitioner has overcome the weaker presumption, "all relevant evidence, both direct and circumstantial, should be considered . . . and an inflexible and rigid application of the presumption of delivery is not appropriate."[11] The BIA has outlined a list of factors it considers:

> (1) the respondent's affidavit;
>
> (2) affidavits from family members or other individuals who are knowledgeable about the facts relevant to whether notice was received;
>
> (3) the respondent's actions upon learning of the in absentia order, and whether due diligence was exercised in seeking to redress the situation;
>
> (4) any prior affirmative application for relief, indicating that the respondent had an incentive to appear;

---

[8] *Matter of M-R-A-*, 24 I&N Dec. 665, 673 (BIA 2008).

[9] *Maknojiya v. Gonzalez*, 432 F.3d 588, 589 (5th Cir. 2005) (quoting *Matter of Grijalva*, 21 I&N Dec. 27, 37 (BIA 1995)); *see also Torres Hernandez v. Lynch*, 825 F.3d 266, 268, 269 (5th Cir. 2016) (noting a "strong presumption of effective service" when NOH is sent by certified mail).

[10] *Navarrete-Lopez v. Barr*, 919 F.3d 951, 954 (5th Cir.), *cert. denied*, 140 S. Ct. 228 (2019).

[11] *Id.* (internal quotation marks and citation omitted).

No. 19-60445

(5) any prior application for relief filed with the Immigration Court or any prima facie evidence in the record or the respondent's motion of statutory eligibility for relief, indicating that the respondent had an incentive to appear;

(6) the respondent's previous attendance at Immigration Court hearings, if applicable; and

(7) any other circumstances or evidence indicating possible nonreceipt of notice.[12]

The BIA's list is not exhaustive, and its inquiry is "fact-specific, flexible, and multi-factorial."[13]

The BIA found that though Martinez-Murillo submitted an affidavit, he failed to rebut the presumption of receipt based on four findings: first, that he was personally served with an NTA; second, that the Houston NOH was not returned as undeliverable; third, the lack of a prior application for relief indicating an incentive to appear; and, fourth, Martinez-Murillo's lack of due diligence in failing to move to reopen for more than 15 years after he was ordered removed.

Martinez-Murillo first contends the BIA erred because his affidavit by itself rebuts the presumption of receipt. We disagree. While a petitioner's affidavit that he did not receive an NOH may be sufficient to overcome the presumption in some cases, it alone does not require such a conclusion, especially where there is contrary evidence.[14]

---

[12] *Matter of M-R-A-*, 241 I&N Dec. at 674.

[13] *Nararrete-Lopez*, 919 F.3d at 955.

[14] *See Torres Hernandez*, 825 F.3d at 269 ("[W]hen service is furnished via regular mail, an alien's statement in an affidavit that is without evidentiary flaw *may* be sufficient to rebut the presumption of effective service." (emphasis added)); *Matter of M-R-A-*, 24

Martinez-Murillo next argues that even if his affidavit by itself is not sufficient, the totality of the circumstances rebut the presumption of receipt. In particular, he challenges the BIA's failure to analyze the full evidence provided by his affidavit, citing to this Court's decision in *Torres Hernandez v. Lynch*. There, the "only evidence" the BIA considered as rebutting the presumption of receipt was the petitioner's assertion of nonreceipt of either an NTA or NOH.[15]  The BIA failed to consider other evidence such as the petitioner's "explanation of how he learned about the *in absentia* deportation order," which involved hiring a lawyer and filing a FOIA request.[16]  The Court concluded that the BIA abused its discretion by denying Torres Hernandez's motion to reopen without considering all of the relevant evidence.[17] But here, the BIA considered Martinez-Murillo's affidavit, which contains not only his assertion that the Houston NOH never arrived but also his explanation for how he discovered the order of removal. The decision gives no indication that the BIA failed to consider certain portions of Martinez-Murillo's affidavit or any other evidence relied on by him. Thus, we find that the BIA properly considered the totality of the circumstances.[18]

---

I&N at 674 ("Immigration Judges are neither required to deny reopening if exactly such evidence is not provided nor obliged to grant a motion, even if every type of evidence is submitted. Each case must be evaluated based on its own particular circumstances and evidence."); *see also Navarrete-Lopez*, 919 F.3d at 955 (denying petition where petitioner's affidavits were weighed against other circumstances, including "no non-deliverable return, no prior affirmative applications for relief, and lack of due diligence").

[15] *Torres Hernandez*, 825 F.3d at 270.

[16] *Id.*

[17] *Id.* at 271.

[18] *See Navarrete-Lopez*, 919 F.3d at 955 (denying petition because BIA "reached a final determination, properly, based on the 'totality of the circumstances'" where petitioner hired lawyer and filed FOIA request).

No. 19-60445

To the extent Martinez-Murillo challenges the BIA's evaluation of the credibility of the evidence, under our highly deferential standard of review, we cannot conclude that the BIA's decision is "capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary."[19]

Martinez-Murillo further claims that the BIA abused its discretion in denying his motion to remand for consideration of his prima facie eligibility for cancellation of removal because his NTA omitted the time and place of his initial hearing. This argument is foreclosed by our precedent.[20]

Martinez-Murillo's petition for review is denied.

---

[19] *Hernandez-Castillo*, 875 F.3d at 203-204. There is some dispute in this Circuit's case law as to when the due-diligence clock starts—the date of the in absentia removal order, the date the noncitizen discovers the removal order, or some other time. *See Navarrete-Lopez*, 919 F.3d at 954 n.5. We need not resolve that question today as Martinez-Murillo makes no argument challenging the BIA's reliance on the 15-year gap between his removal order and motion to reopen in finding a lack of due diligence. *See, e.g.*, *Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 n.1 (5th Cir. 2004) ("Failure adequately to brief an issue on appeal constitutes waiver of that argument."). We note, however, that the BIA's conclusion was based on more than its due-diligence finding alone. *See Navarrete-Lopez*, 919 F.3d at 955 (emphasizing that the inquiry as to whether a petitioner has rebutted the presumption of receipt is "fact-specific, flexible, and multi-factorial").

[20] *See Pierre-Paul v. Barr*, 930 F.3d 684, 689 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2718 (2020) (holding that an NTA is not defective as a charging document even without specifying the time and place of a removal hearing); *Matter of Mendoza-Hernandez*, 27 I&N Dec. 520, 529-35 (BIA 2019); *see also Yanez-Pena v. Barr*, 952 F.3d 239, 246 (5th Cir.), *petition for cert. filed* (U.S. Apr. 8, 2020) (No. 19-1208) (concluding that a subsequent NOH containing the time and date of a removal hearing perfects a deficient NTA and satisfies the notice requirements). Because Martinez-Murillo received sufficient notice, his due process rights have not been violated.